**BENEFICIAL FINANCE COMPANY OF AMARILLO, Appellant,**

v.

**W. H. VAN SHAW, Appellee.**

**No. 4515.**

Court of Civil Appeals of Texas, Eastland.

Jan. 28, 1972.

Rehearing Denied Jan. 28, 1972.

Thomas V. Priolo, Amarillo, for appellant.

Sam Cummings, Amarillo, for appellee.

McCLOUD, Chief Justice.

On Motion for Rehearing.

The opinion and judgment of this Court dated December 17, 1971 are hereby withdrawn and this opinion is substituted therefor.

This is a summary judgment case. Beneficial Finance Company of Amarillo and W. H. Van Shaw each claim an interest in a flower box refrigeration unit. Beneficial Finance claims a security interest arising from money loaned to Stanley and Valda Hare to purchase the unit. Stanley and Valda Hare rented a building from Van Shaw and Van Shaw claims an interest by virtue of a landlord's lien.

W. H. Van Shaw's motion for summary judgment was granted. Beneficial Finance

Company of Amarillo appeals. We reverse and remand for trial.

Appellant, Beneficial Finance Company of Amarillo, in its opposing affidavit which contains copies of certain financing statements and security agreements, says that appellee, W. H. Van Shaw, had actual as well as constructive knowledge that appellant claimed a security interest in the refrigeration unit before appellee perfected his landlord's lien.

■ Appellee contends that the financing statements filed by appellant with the County Clerk of Potter County were filed in the wrong place and should have been filed with the Secretary of State since the refrigeration unit was being used as equipment and not as a consumer good. Appellant argues that its security interest was nevertheless effective as to appellee because of Subdivision (b) of Sec. 9.401, Business and Commerce Code, V.T.C.A., which provides:

"(b) A filing which is made in good faith in an improper place or not in all of the places required by this section is nevertheless effective with regard to any collateral as to which the filing complied with the requirements of this chapter and is also effective with regard to collateral covered by the financing statement against any person who has knowledge of the contents of such financing statement."

Appellee says that Subdivision (b) is effective only as to "collateral covered by the financing statement" and that the property in question was not covered by the financing statement. There is no question but that the security agreements, which were not filed, covered the property in question.

Appellee, the landlord, admits that he knew Beneficial Finance was claiming a security interest in the flower box refrigeration unit prior to the time he perfected his landlord's lien and also agrees that

Beneficial Finance acted in good faith in attempting to perfect a security interest in the unit.

The record discloses that before the landlord perfected his lien Beneficial Finance filed a financing statement in Potter County on March 25, 1969. The debtor's name and address was listed as "Stanley D. Hare, 204 W. 16th, Amarillo, Texas". The collateral was described as:

"All of the household furniture and furnishings, electrical and gas appliances, including television sets, phonographs and record players, refrigerators, etc., and other personal property now owned or hereafter acquired in replacement thereof and now or hereafter located at the residence of the Debtors at the address given above in Box 1."

Sec. 9.402, Business and Commerce Code contains the requisites of a financing statement and provides in part as follows:

"(a) A financing statement is sufficient if it is signed by the debtor and the secured party, gives an address of the secured party from which information concerning the security interest may be obtained, gives a mailing address of the debtor and contains a statement indicating the types, or describing the items, of collateral."

The Uniform Commercial Code Comment under Sec. 9.402 states in part as follows:

"This Section adopts the system of 'notice filing' which has proved successful under the Uniform Trust Receipts Act. What is required to be filed is not, as under chattel mortgage and conditional sales acts, the security agreement itself, but only a simple notice which may be filed before the security interest attaches or thereafter. The notice itself indicates merely that the secured party who has filed may have a security interest in the collateral described. Further inquiry

from the parties concerned will be necessary to disclose the complete state of affairs."

Sec. 9.110 provides:

"For the purposes of this chapter any description of personal property or real estate is sufficient whether or not it is specific if it reasonably identifies what is described."

While discussing financing statements in Uniform Commercial Code in Texas the authors in Sec. 91A.03, Financing Statements Under the Code in General, pages 9–35 state:

"The object is utmost simplicity to serve the sole purpose of 'notice filing.' That concept means that interested third parties are alerted to the security interest sufficiently to want to inquire further and that the financing statement gives them the sources of further information."

The authors in Sec. 91A.08, Description of the Collateral, pages 9–64, state: "Liberality and not technicality in description was intended by the draftsmen."

Appellee argues that the financing statement covers only household items and thus would not cover the flower box refrigeration unit in question. He also says the description is ineffective because it refers to collateral "located at the residence of the Debtors" at 204 West 16th Street when in fact the building at 204 West 16th Street was used by the debtors as a retail flower shop.

The collateral listed in the financing statement included "refrigerators". The property in dispute is a refrigeration unit. The refrigeration unit was located at 204 West 16th Street as stated in the financing statement. We hold that the flower box refrigeration unit was covered by the financing statement and under Sec. 9.401,

Business and Commerce Code, the filing was effective as to the landlord.

■ We also think that the landlord's actual knowledge of appellant's security interest will defeat the landlord's claim. Appellee admits that he knew appellant was claiming a security interest in the unit before he perfected his landlord's lien but he contends that actual knowledge on his part does not aid appellant. He says that appellant's security interest must have been properly perfected and that knowledge on his part is of no significance. We disagree.

The landlord points out that the rights of the parties are not controlled by Sec. 9.301 of the Code because Sec. 9.104(2) states that Chapter 9 does not apply to landlord's liens.

Sec. 9.301 provides in part:

"(a) Except as otherwise provided in Subsection (b), an unperfected security interest is subordinate to the rights of

.  .  .

(2) a person who becomes a lien creditor without knowledge of the security interests and before it is perfected;"

Sec. 9.104 provides in part:

"This chapter does not apply  .  .  .

(2) to a landlord's lien."

Appellee contends, and we think rightfully so, that since Sec. 9.301 does not apply to a priority question between a perfected landlord's lien and an unperfected security interest we must look elsewhere to determine the answer. See: In re Einhorn Bros., Inc., 272 F.2d 434 (3rd Cir. 1959); Universal C. I. T. Credit Corporation v. Congressional Motors, Inc., 246 Md. 380, 228 A.2d 463 (1967). He cites Berkey & Gay Furniture Co. v. Sherman Hotel Co., 81 Tex. 135, 16 S.W. 807 (1891) as authority for his position that prior to the enactment of the Code, actual knowledge

by a landlord of a third person's unperfected security interest in property of a tenant located on a landlord's premises would not prevent a landlord from perfecting his landlord's lien. The rule is stated in the Berkey case, as well as other early Texas cases, that knowledge of an outstanding encumbrance on the part of a landlord will not defeat the landlord's priority claim. This rule came about as a result of the language contained in the applicable recordation statutes. A landlord was held to be a creditor as distinguished from a subsequent purchaser, mortgagee or lien holder. The early cases construed the language in the recordation statutes to mean that an unrecorded mortgage or lien was void as to a creditor even though the creditor had knowledge of the unrecorded encumbrance. Brothers v. Mundell, Munzesheimer & Co., 60 Tex. 240 (1883). However, knowledge on the part of a subsequent purchaser, mortgagee or lien holder would defeat their right of priority. See Articles 5489 and 5490, Vernon's Ann. Tex.Civ.St.; Note, 25 Tex.Law Review 673 (1947).

We do not think the rule stated in the Berkey case is controlling here. The early cases, holding that actual notice by a creditor of an unrecorded outstanding encumbrance did not defeat the creditor's priority right, involved the interpretation of recordation statutes which were not in effect at the time of the transactions involved in the instant case. Articles 5489 and 5490, V.A. T.S. were repealed effective June 30, 1966.

We hold that an unperfected security interest is not subordinate to a landlord's lien when the landlord has actual knowledge of such unperfected security interest before the landlord's lien is perfected.

The judgment of the trial court is reversed and the cause is remanded for trial.

Appellee's motion for rehearing is overruled.