**BORG–WARNER ACCEPTANCE CORPORATION, Appellant,**

v.

**WOLFE CITY NATIONAL BANK, Appellee.**

No. 19039.

Court of Civil Appeals of Texas, Dallas.

Dec. 14, 1976.

James O. Faires, Commerce, for appellee.

CLAUDE WILLIAMS, Chief Justice.

Borg-Warner Acceptance Corporation (Borg-Warner) brought this action in the district court against Wolfe City National Bank (Wolfe City) for actual and exemplary damages because of alleged wrongful conversion of property. This appeal is by Borg-Warner from a take-nothing judgment against it rendered by the trial court following trial without a jury. Appellant urges that the judgment should be reversed and rendered in its favor because the trial court erred as a matter of law in deciding that Borg-Warner take nothing. Alternatively, it asks that the cause be remanded because of the impossibility of obtaining a statement of facts and because the trial court refused to issue findings of fact and conclusions of law. After reviewing the briefs and considering stipulations of counsel, we have concluded that the principal issue to be decided is which party had priority of security interest in the property involved. We hold that Borg-Warner had priority of security interest in the collateral and, accordingly, reverse the trial court's judgment and remand the same for further proceedings.

Since the parties agree that the essential facts in this case are undisputed, we find it unnecessary to address the question concerning the inability to secure a statement of facts and the failure on the part of the trial court to file findings of fact and conclusions of law.

It is undisputed in the parties' briefs and oral argument that on March 31, 1972, Borg-Warner executed a security agreement with Lloyd E. Nations and O. H. Nations, individually and d/b/a Nations' David Brown Tractor Company, of which Lloyd E. Nations was the sole proprietor, to secure loans made by Borg-Warner to Nations for the purchase of inventory to be used in the business. On April 26, 1972, Borg-Warner filed a financing statement under the name of Lloyd Eddie Nations with the Secretary of State pursuant to

Robert M. Warner, Zimring & Warner, Dallas, for appellant.

Tex.Bus. & Comm.Code Ann. § 9.401 (Vernon Supp.1976). Borg-Warner also notified the other known creditors of the security interest it was taking in the inventory.

On January 18, 1974, Wolfe City advanced money to Lloyd E. Nations, d/b/a Nations' Tractor Company, for the purchase of inventory. Wolfe City took a security interest in each of the items purchased and filed financing statements covering them in the office of the County Clerk of Lamar County, Texas, on January 21, 1974. However, Wolfe City did not file copies of the financing statements in the office of the Secretary of State.

The last payment made by Lloyd Nations to Borg-Warner was on May 6, 1974, leaving a balance due and owing. In December, 1974, Wolfe City took possession of the inventory, and although Borg-Warner requested its return, Wolfe City disposed of it by sale. On December 11, 1975, a trial was held before the court, and judgment was subsequently entered for Wolfe City and against Borg-Warner.

■■■ The principal question presented is which party has priority of security interest in the collateral involved. The primary thrust of Wolfe City's argument is that it executed a purchase-money security interest in the collateral in which Borg-Warner did not have a perfected security interest since the financing statement previously filed by Borg-Warner did not contain a provision which gave notice to other creditors of an "after-acquired property" clause. Wolfe City does not deny that Borg-Warner's prior security agreement contains an "after-acquired property" clause. Tex.Bus. & Comm.Code Ann. § 9.108 (Vernon Supp. 1976) provides that when a secured party gives value to the debtor, the secured party may take a security interest in collateral acquired after the execution of the agreement if the collateral is acquired either in the ordinary course of the debtor's business or under a contract of purchase made pursuant to the security agreement within a reasonable time. Thus, a security agreement may provide that collateral, whenever

acquired, shall secure all obligations covered by the security agreement. Tex.Bus. & Comm.Code Ann. § 9.204(a) (Vernon Supp. 1976). We recognize that a security interest attaches in accordance with Tex.Bus. & Comm.Code Ann. § 9.203 (Vernon Supp. 1976), when there is an agreement that it attach, value is given by the secured party, and the debtor has rights in the collateral. However, the secured party must still file a financing statement covering the inventory collateral with the Secretary of State in order to perfect the interest and to establish a priority over other secured creditors. Tex.Bus. & Comm.Code Ann. §§ 9.303 and 9.401 (Vernon Supp.1976). The purpose of the filing of the financing statement is to give notice to all creditors that a security interest may have been perfected in certain collateral. Tex.Bus. & Comm.Code Ann. § 9.402, comment 2 (Vernon 1968).

■■■ Thus, if Borg-Warner, in fact, executed a security agreement with an after-acquired property clause and also gave sufficient notice in its financing statement filed with the Secretary of State that there was a security agreement concerning after-acquired property, Wolfe City's security interest would be inferior with one possible exception. If Wolfe City acquired a purchase-money security interest in inventory, it would have priority over all conflicting security interests in that inventory, except a prior purchase-money security interest, if it adequately perfected its security interest at the time Nations received possession of the inventory and gave notification in writing to all holders of conflicting security interests who had previously filed financing statements covering the same inventory. Tex.Bus. & Comm.Code Ann. § 9.312 (Vernon Supp.1976). Since there is no contention by Wolfe City that an "after-acquired" property clause is not included in Borg-Warner's security agreement, our only concern is whether Borg-Warner's financing statement was sufficient to notify other creditors of an after-acquired property clause. The description of the collateral in the financing statement is as follows:

*All inventory* of goods including, without limitation, commercial, vehicular, recreational, household, professional, industrial, musical or farm goods and all parts, accessories and other goods used or intended to be used in conjunction with any of the foregoing. (emphasis added)

We believe that the phrase "all inventory" was sufficient to give other creditors notice that Borg-Warner had perfected a security interest in not only the inventory possessed by the debtor at the time of execution of the security agreement but also inventory acquired thereafter until the debt was paid. *National Cash Register Co. v. Firestone*, 346 Mass. 255, 191 N.E.2d 471, 474–75 (1963); *American National Bank & Trust Co. v. National Cash Register Co.*, 473 P.2d 234 (Okl.1970); *Maryland National Bank v. Porter-Way Harvester Mfg. Co.*, 300 A.2d 8 (Del.Supr.1972); *cf. Beneficial Finance Co. v. Van Shaw*, 476 S.W.2d 772, 773–74 (Tex. Civ.App.-Eastland 1972, no writ); *see* White & Summers, Uniform Commercial Code § 23–16 at 843–46 (1972).

Wolfe City argues that the "boiler-plate" language, quoted above, should be given no effect when determining if notice is sufficient, citing *Henningsen v. Bloomfield Motors, Inc.*, 32 N.J. 358, 161 A.2d 69 (1960). In this landmark products liability case dealing with a standardized limitation of express and implied warranties in automobile sales, the court reasoned that the language of the warranty limitation was not binding because of the lack of the purchaser's bargaining power and lack of the purchaser's awareness of the limitation's existence due to the smallness of print on the back-side of the contract. We do not believe that all phrases prepared in advance to cover different situations are necessarily ineffective phrases. In the case under consideration, Wolfe City is arguing that the financing statement contains a standardized provision covering many irrelevant types of collateral. However, the provision refers to "all inventory," and this does provide sufficient notice to other creditors. There is no contention of lack of bargaining power or concealment of this phrase, and we do not

agree that *Henningsen v. Bloomfield Motors, Inc., supra,* is authority in this situation. Accordingly, we hold that the security agreement and financing statement of Borg-Warner contains adequate notice of after-acquired property sufficient to put other creditors on notice of the extent of Borg-Warner's security interest in such after-acquired property.

■ Wolfe City cannot have a priority of security interest in the collateral even though it has a purchase-money security interest because Borg-Warner had a prior perfected security interest in the same inventory and because Wolfe City did not perfect its security interest in compliance with the statute. Although it is undisputed that Wolfe City acquired a purchase-money security interest, it is apparent from the record that it did not adequately perfect the security interest or give notification in writing to the other security holders. Wolfe City filed a financing statement attempting to perfect the security interest with the county clerk in the county in which the property was located, but it did not file such statement with the Secretary of State as specifically required by the provisions of Tex.Bus. & Comm.Code Ann. § 9.401(a)(3) (Vernon Supp.1976).

■ Notwithstanding that Wolfe City filed its financing statements in the wrong location, it argues that the financing statements are nevertheless effective because they were filed in good faith and Borg-Warner knew their contents, citing Tex. Bus. & Comm.Code Ann. § 9.401(b) (Vernon Supp.1976). However, this section of the statute is not applicable to this case because Borg-Warner had perfected a security interest long before Wolfe City decided to make the loan to Nations, and therefore Borg-Warner could not have had knowledge of the contents of Wolfe City's financing statements prior to perfecting its own security interest. White & Summers, Uniform Commercial Code § 23–15 (1972).

■ Wolfe City argues that a security agreement executed by Borg-Warner on

February 15, 1974, creates a new security interest and supersedes the 1972 security agreement, and consequently that the original financing statement filed in April 1972 is not effective to give Borg-Warner priority. We cannot agree, because the 1974 agreement only lists specific inventory already in the possession of Nations and subject to the "after-acquired" property provision in the 1972 security agreement. It does not include a revocation of the 1972 agreement. Furthermore, Wolfe City concedes in its brief that the 1974 agreement is invalid as a security agreement because there was no new value given.

Wolfe City also takes the position that because Nations changed the name of his business and Borg-Warner did not file an amended financing statement to reflect the change, the 1972 agreement is invalid under Tex.Bus. & Comm.Code Ann. § 9.402(g) (Vernon Supp.1976). We cannot agree. This section requires an amendment when the change renders the current financing statement misleading. Borg-Warner's financing statement lists Lloyd Eddie Nations as doing business as an unincorporated business. Under these circumstances, we fail to see how a different name of the business could be misleading to other secured creditors. *Cf. National Cash Register Co. v. Firestone*, 346 Mass. 255, 191 N.E.2d 471, 474 (1963).

Since we hold that the court erred as a matter of law in not recognizing a priority of security interest in Borg-Warner, we must reverse the trial court's judgment. However, we cannot render judgment, as requested by appellant, because appellant Borg-Warner seeks actual and exemplary damages, and in the absence of a statement of facts, we are unable to determine if questions of fact exist. Therefore, the judgment of the trial court is reversed, and the cause is remanded to the trial court for further proceedings. Tex.R.Civ.P. 434.