CHAPMAN PARTS WAREHOUSE, INC.,
d/b/a Mr. C Auto Parts
Stores, Appellant,

v.

Edna Myrle GUDERIAN, Appellee.

No. 13164.

Court of Civil Appeals of Texas,
Austin.

Nov. 26, 1980.

S. Carl Friedsam, Martin & Drought, Inc., San Antonio, for appellant.

Robert A. Canonico, McClintock, Herring, Youts & Canonico, Waco, for appellee.

SHANNON, Justice.

Appellee Edna Myrle Guderian sued Bill Senter, Bill Senter, Inc., and appellant Chapman Parts Warehouse, Inc., in the district court of Travis county seeking a money judgment against Senter and Bill Senter, Inc. Appellee also sought: (1) a declaration that she held a security interest in an inventory of automobile parts, and (2) a foreclosure of that interest in the inventory. After trial to the court, the district court entered default judgment against Senter and Bill Senter, Inc. The judgment further ordered foreclosure of appellee's security interest in the inventory in the principal sum of $4,500.00 and for attorney's fees in the sum of $3,000.00. Only Chapman Parts has appealed from the judgment. This Court will reverse the judgment foreclosing the security interest and here render judgment that appellee take nothing.

On December 7, 1977, Bill Senter and Chapman Parts signed a franchise agreement whereby Chapman Parts was to provide Senter, among other things, an initial inventory of automobile parts and assistance in opening a "Mr. C Auto Parts Store" in Austin, at 6325 Cameron Road. Pursuant to the agreement, Chapman Parts delivered the initial inventory to Bill Senter, Inc., on June 8, 1978. Bill Senter, Inc., paid for the inventory by check drawn by Senter, dated June 8, 1978, in the sum of $38,-317.00. That check was dishonored and returned to Chapman Parts.

Upon return of the check, and within ten days from date of the delivery of the inventory, Chapman Parts gave notice to Bill Senter, Inc., by letter dated June 15, 1978, that the franchise agreement was revoked. The next day, Chapman Parts also gave Senter notice of foreclosure and repossession of the inventory located at the store on Cameron Road. In an effort to effect repossession, Chapman Parts caused the locks on the Cameron Road store to be changed on June 16, 1978. Chapman Parts did not file a financing statement with the Secretary of State concerning the inventory.

On June 22, 1978, Senter and Bill Senter, Inc., entered into a financing arrangement with Travis Bank and Trust whereby a note and security agreement were executed and the bank lent Bill Senter, Inc., $4,500.00. By the security agreement, the bank took as security "all inventory located [at the Cameron Road store] or wherever located in the future," and "all inventory now owned or hereafter acquired." The bank filed a financing statement (Form UCC–1) with the Secretary of State on June 28, 1978.

The bank sold the note to appellee Guderian for $4,500.00 on July 24, 1978. Contemporaneous with the purchase of the note, the bank assigned the security agreement and security interest in the inventory to appellee. On the following day, appellee filed suit.

After a bench trial, the district court entered judgment favorable to appellee. Upon request, the court filed findings of

fact and conclusions of law. The court determined in its conclusions of law *inter alia* that Senter "... had sufficient rights in the collateral to allow the attachment and the enforceability of the security interest under Tex.Bus. & Comm.Code Ann. § 9.203." Since the bank and its assignee, appellee, acted in good faith in the execution of the promissory note and security interests, they had "... greater rights in the collateral than [Chapman Parts]." Further, there was no retention by Chapman Parts of title to the inventory which could be interpreted as a security interest under Tex.Bus. & Comm.Code Ann. § 2.401(a).

Chapman Parts' pivotal point of error is that the district court erred in holding that the security interest of appellee had priority over appellant's claim to the inventory. Appellee defends the judgment of the district court upon the basis that she, as a secured party, had a perfected prior interest in the inventory.

■ Appellee's security interest was not enforceable against Chapman Parts with respect to the collateral unless the security interest had "attached" to the collateral. Tex.Bus. & Comm.Code Ann. § 9.203 (Supp. 1980). A security interest "attaches" when it becomes enforceable against the debtor with respect to the collateral. Section 9.203(b) provides that attachment occurs as soon as all of the following events have transpired:

(1) the collateral is in the possession of the secured party pursuant to agreement or the debtor has signed a security agreement which contains a description of the collateral; and

(2) value has been given; and

(3) the debtor has rights in the collateral.

*Borg–Warner Acc. Corp. v. Wolfe City Nat. Bank*, 544 S.W.2d 947 (Tex.Civ.App.1976, no writ).

Chapman Parts claims that the debtor Bill Senter, Inc., had no rights in the inventory of parts because the debtor's rights were terminated by Chapman Parts' prior reclamation of the inventory. The argument is that since the debtor had no rights in the collateral, appellee's security interest had not "attached" to the collateral, and cannot be given priority over Chapman Parts interest obtained through reclamation.

■ The seller's remedies upon breach by the buyer are enumerated in Tex.Bus. & Comm.Code Ann. § 2.703. These provisions do not include a right or power in a cash seller to recover goods already delivered to a buyer in breach. *Matter of Samuels & Co., Inc.*, 526 F.2d 1238, 1244 (5th Cir. 1976). Nevertheless, courts have read into the Code the right of reclamation. The cash seller's right to reclaim has been drawn from the language of § 2.507(b) and § 2.507 Comment 3. *Matter of Samuels & Co., Inc., supra.* Section 2.507(b) provides as follows:

"(b) Where payment is due and demanded on the delivery to the buyer of goods or documents of title, his right as against the seller to retain or dispose of them is conditional upon his making the payment due."

Comment 3 to that section states:

"3. Subsection (2) deals with the effect of a conditional delivery by the seller and in such a situation makes the buyer's 'right as against the seller' conditional upon payment. These words are used as words of limitation to conform with the policy set forth in the bona fide purchase sections of this Article. Should the seller after making such a conditional delivery fail to follow up his rights, the condition is waived. The provision of this Article for a ten day limit within which the seller may reclaim goods delivered on credit to an insolvent buyer is also applicable here."

The Amarillo and Fort Worth Courts of Civil Appeals have recognized the cash seller's right of reclamation. *Ranchers & Farm Liv. Auc. Co. v. First St. Bank*, 531 S.W.2d 167 (Tex.Civ.App.1975, n. r. e.); *Peerless Equipment Co. v. Azle State Bank*, 559 S.W.2d 114 (Tex.Civ.App.1977, no writ). After close consideration of the problem, this Court follows those courts in recognition of the existence of the cash seller's right of reclamation.

Those courts recognizing reclamation under § 2.507 have adhered to the express requirement in § 2.507 Comment 3 that demand for return be made within ten days after receipt of the goods by the buyer, or else the right is lost. *Matter of Samuels & Co., Inc., supra.*

■ This Court has concluded that Chapman Parts, by timely exercise of its right of reclamation, terminated the debtor's rights in the inventory of parts. Appellee's security interest, therefore, was not enforceable against Chapman Parts since her security interest had not "attached."

Chapman Parts followed the procedure for reclamation. As previously noted, Chapman Parts gave timely notice of reclamation, foreclosure, and repossession to Bill Senter, Inc. Further, Chapman Parts caused the locks to be changed on the Cameron Road store. By changing the locks, and thereby excluding Bill Senter, Inc., from the store, Chapman Parts, in effect, repossessed the parts inventory prior to the execution of the security agreement under which appellee claims a prior right.

Any right Bil Senter, Inc., may have had in the inventory of parts was extinguished by Chapman Parts' reclamation. Accordingly, neither Bill Senter nor Bill Senter, Inc., could thereafter transfer or sell any interest in the inventory.

The judgment foreclosing the security interest is reversed and judgment is here rendered that appellee take nothing.

Reversed and Rendered.