

# THE ATTORNEY GENERAL
## OF TEXAS

August 12, 1987

JIM MATTOX
ATTORNEY GENERAL

Honorable Mike Driscoll
Harris County Attorney
1001 Preston, Suite 634
Houston, Texas    77002

Opinion No. JM-767

Re:  Filing of financing state-
ments with a county clerk under
section 9.403(d) of the Texas
Business and Commerce Code

Dear Mr. Driscoll:

You seek clarification of the county clerk's responsibility for
filing financing statements under section 9.403(d) of the Texas
Business and Commerce Code. Your specific concern is whether the
clerk may refuse to file financing statements that do not appear to
comply with certain requirements in section 9.402(a) of the code. As
will be shown in the discussion to follow, the clerk's responsibility
under section 9.403(d) does not include the responsibility or
authority to "enforce" section 9.402(a).

Chapter 9 of the Business and Commerce Code governs the legal
enforceability of "security agreements," agreements that create
security interests in personal property to secure the payment or
performance of an obligation. See §9.102. The primary purpose of a
security agreement is to assure enforcement of the underlying
obligation. To enforce a security interest against third parties,
such as prospective lenders or buyers, the security interest must be
"perfected." Villa v. Alvarado State Bank, 611 S.W.2d 483, 486-87
(Tex. App. - Waco 1981, no writ). A financing statement must be filed
to perfect all security interests except those expressly excepted in
the code. Sec. 9.302. Filing is intended as notice to third parties
that an enforceable security interest may exist in the described
property of the debtor. 611 S.W.2d at 486-87. Section 9.402 relates
to the formal requisites of financing statements.

Section 9.402(a) provides, in part:

> A financing statement is sufficient if it gives
> the names of the debtor and the secured party, is
> signed by the debtor, gives an address of the
> secured party from which information concerning
> the security interest may be obtained, gives a
> mailing address of the debtor and contains a
> statement indicating the types, or describing
> the items, of collateral. . . . A copy of the
> security agreement is sufficient as a financing

> statement if it contains the above information and is signed by the debtor. A carbon, photographic or other reproduction of a security agreement or a financing statement is sufficient as a financing statement if the security agreement so provides or if the original has been filed in this state. (Emphasis added).

Your specific question is whether the county clerk must accept for filing a reproduction of a security agreement or financing statement when the security agreement is not signed and it does not show on its face that the original has been filed in Texas. In other words, you ask whether the county clerk must determine whether a copy of the security agreement or financing statement is "sufficient" as a financing statement within the meaning of section 9.402(a).

Authorities are split regarding the exact nature of the signatures required by section 9-402 of the Uniform Commercial Code, section 9.402 in the Texas Business and Commerce Code. See Sommers v. International Business Machines, 640 F.2d 686, 691 (5th Cir. 1981) (copy of security agreement must actually be signed); but see J.K. Merrill & Son, Inc. v. Carter, 702 P.2d 787, 791-92 (Idaho 1985) (copy of signed original will suffice) (and conflicting authorities cited therein). None of these authorities, however, address your basic concern, i.e. whether the filing officer must determine the "sufficiency" of the financing statement prior to accepting it for filing. These authorities address essentially the legal meaning of "sufficient" in section 9.402. The context of these authorities makes it clear, however, that the "sufficiency" requirements in section 9.402 relate to enforcing a security interest against a third party, not to the prerequisites for filing the financing statement. The question of "sufficiency" under section 9.402 is a legal question for the courts, not a question for the filing officer.

The filing officer's filing and recording responsibilities are set forth in section 9.403(d):

> Except as provided in Subsection (g) [special filing and indexing for property relating to real property] a filing officer shall mark each financing statement with a file number and with the date and hour of filing and shall hold the financing statement or a microfilm or other photographic copy thereof for public inspection. In addition the filing officer shall index the financing statements according to the name of the debtor and shall note in the index the file number and the address of the debtor given in the financing statement. The filing officer shall mark each continuation statement with the date and hour of filing and shall note it in the index of the original financing statement.

Nothing in this provision or in any other provision of chapter 9 of the code refers to any responsibility of the filing officer to accept only financing statements that are legally "sufficient" within the meaning of section 9.402(a).

Sections 9.402(a) and 9.403(d) are independent provisions of the code. The filing officer's responsibility under subsection (d) of section 9.403 is governed by section 9.403. This duty is simply to accept, record, and index financing statements as soon as the appropriate fees, as provided in subsection (e) of section 9.403, are tendered. The order of the filing of financing statements is of vital importance because it relates to priorities between conflicting security interests. See §9.312; see, e.g., Borg-Warner Acceptance Corporation v. Wolfe City National Bank, 544 S.W.2d 947 (Tex. Civ. App. - Dallas 1976, no writ). It is in the self-interest of the filing party to assure that the financing statement is legally sufficient; it is not the filing officer's responsibility to determine whether the financing statement is legally sufficient to perfect a security interest. Of course, the clerk has the authority to require that financing statements be legible and contain the information necessary to record and index the statements. As indicated, however, under section 9.403(d) the clerk's responsibility is to record correctly the order of filing and to index financing statements, not to verify or question the correctness of the information in the financing statement. When the legislature defines the duty of a county clerk as a duty simply to file certain documents, that duty is generally deemed ministerial rather than discretionary. See R.E. Turrentine v. Lasane, 389 S.W.2d 336, 337 (Tex. Civ. App. - Waco 1965, no writ). Such a duty cannot be expanded to enforcing other provisions related to the legal effect of the documents filed. See, e.g., Attorney General Opinion Nos. JM-508 (1986); C-695 (1966).

## S U M M A R Y

Sections 9.402(a) and 9.403(d) of the Texas Business and Commerce Code are independent provisions. The filing officer's legal responsibility with regard to filing financing statements, and authority is governed by section 9.403, not by section 9.402. The filing officer may not refuse to file financing statements that do not appear to be legally "sufficient" within the meaning of section 9.402(a).

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Jennifer Riggs
Assistant Attorney General