(836 P.2d 1198)

No. 67,099

COMMUNITY NATIONAL BANK, CHANUTE, KANSAS, a banking corporation, *Appellee,* v. DARRELL D. MOYER, *Defendant,* and HOME STATE BANK, ERIE, KANSAS, *Appellant.*

Opinion filed July 17, 1992.

*Peter G. Olson,* of Chanute, for appellant.

*R. Kent Pringle,* of Coombs & Pringle, of Chanute, for appellee.

Before BRISCOE, C.J., RULON and GERNON, JJ.

RULON, J.: Home State Bank, defendant, appeals the district court's grant of summary judgment to Community National Bank, plaintiff, because Community National had a purchase money security interest in a planter purchased by Darrell Moyer. We affirm.

The primary issue for our consideration is whether K.S.A. 1991 Supp. 84-9-401(2) allows an improperly perfected purchase money secured creditor to obtain priority over a perfected secured creditor when that creditor acquires knowledge of the purchase money security interest only after it has perfected its own security interest.

The undisputed findings of fact made by the district court are as follows:

Darrell D. Moyer and Community National executed a promissory note, security agreement, and financing statement. The loan proceeds of the promissory note were used to purchase a 1982 International Harvester planter described in the security agreement and financing statement. Community National held a purchase money security interest in the planter and attempted to perfect its interest by filing the financing statement with the

Neosho County Register of Deeds on May 12, 1989, rather than with the Kansas Secretary of State. This filing was made in good faith.

Home State Bank held a prior perfected blanket security interest in Moyer's equipment by virtue of two promissory notes, a security agreement dated April 20, 1987, and a financing statement dated September 9, 1986, filed with the Secretary of State. Home State Bank was granted judgment on December 17, 1990, against Moyer for a total sum of $117,105.86. Home State was also granted a judgment foreclosing its security interest in the planter purchased with the loan from Community National. Pursuant to its judgment, Home State Bank sold the collateral securing its indebtedness.

Community National filed a financing statement covering its interest in the planter with the Secretary of State on January 8, 1991. The district court granted judgment in favor of Community National against Moyer for $5,776.82 and also issued an order allowing Community National to foreclose its security interest in the planter or the proceeds from its sale.

The district court found that although Community National's first filing of the financing statement with the Neosho County Register of Deeds was improper because it was in the wrong place, it was effective pursuant to K.S.A. 1991 Supp. 84-9-401(2) against the competing prior perfected blanket security interest held by Home State Bank. The court's rationale in awarding Community National priority was that Ray Withers, an officer of Home State Bank, had knowledge of the contents of Community National's financing statement from a Credit Bulletin dated May 15, 1989, and a telephone discussion with Ron Sheddrick, a Community National officer, occurring the week of May 22, 1989. Because Home State Bank sold the planter on January 26, 1991, received proceeds of $4,450, and paid none to Community National, the district court granted Community National a judgment of $4,450 plus costs.

On appeal, Home State contends the trial court incorrectly interpreted K.S.A. 1991 Supp. 84-9-401(2). An interpretation of a statute is a question of law of which this court has unlimited review. See *Director of Taxation v. Kansas Krude Oil Reclaiming Co.*, 236 Kan. 450, 455, 691 P.2d 1303 (1984); *Hutchinson Nat'l*

*Bank & Tr. Co. v. Brown*, 12 Kan. App. 2d 673, 674, 753 P.2d 1299, *rev. denied* 243 Kan. 778 (1988).

Although Home State perfected a security interest in the planter through an after-acquired property clause before Community National perfected its security interest in the same planter, all parties concede that if Community National properly perfected its interest, it has priority as a purchase money secured creditor. K.S.A. 1991 Supp. 84-9-312(4) states:

"(4) A purchase money security interest in collateral other than inventory has priority over a conflicting security interest in the same collateral or its proceeds if the purchase money security interest is perfected at the time the debtor receives possession of the collateral or within 20 days thereafter."

It is also undisputed that because the planter was farm equipment, Community National's financing statement regarding its purchase money security interest should have been filed with the Secretary of State pursuant to K.S.A. 1991 Supp. 84-9-401(1)(c). Instead, it was filed with the Register of Deeds of Neosho County. Community National argues its filing was still effective under K.S.A. 1991 Supp. 84-9-401(2), which states:

"(2) A filing which is made in good faith in an improper place or not in all of the places required by this section is nevertheless effective with regard to any collateral as to which the filing complied with the requirements of this article *and is also effective with regard to collateral covered by the financing statement against any person who has knowledge of the contents of such financing statement.*" (Emphasis added.)

There appear to be no Kansas cases on the relation of 84-9-401(2) to purchase money security interests (PMSI). The cases relied on by Home State Bank do not deal with PMSI except for *Borg-Warner Acc. Corp. v. Wolfe City Nat. Bank*, 544 S.W.2d 947, 951 (Tex. Civ. App. 1976). The collateral in *Borg-Warner* was inventory. For a purchase money secured party (PMSP) to attain priority over a prior perfected secured party, the PMSP must perfect its PMSI and notify the prior perfected secured party. 544 S.W.2d at 950. The PMSP in *Borg-Warner* failed to notify the prior perfected secured party. 544 S.W.2d at 951.

The PMSP in *Borg-Warner* also did not file in the correct place. In response to the PMSP's argument that § 9-401(2) of the UCC made its filing effective, the Texas Court of Civil Appeals stated:

"However, this section of the statute is not applicable to this case because Borg-Warner had perfected a security interest long before Wolfe City [the PMSP] decided to make the loan to Nations, and therefore Borg-Warner could not have had knowledge of the contents of Wolfe City's financing statements prior to perfecting its own security interest." 544 S.W.2d at 951.

In White & Summers, Uniform Commercial Code § 24-17 (3d ed. 1988), discussing § 9-401(2), there is nothing that indicates knowledge by a perfected secured party of an imperfect filing by a PMSP must be acquired before the secured party's perfection of a security interest in the same collateral. Although the Texas court cited White & Summers, Uniform Commercial Code § 23-15 (1972) as support for its conclusion, this section does not discuss how § 9-401(2) relates to PMSI, nor the chronological order in which the perfected secured party's perfection of its security interest and its acquisition of knowledge of an improperly filed PMSI must fall.

In *Temporaries, Inc. v. Maryland Nat. Bank*, 626 F. Supp. 1025 (D. Md. 1986), the PMSP misfiled its security interest *after* the non-PMSP had perfected its interest. The court nonetheless found the PMSP's filing effective pursuant to § 9-401(2).

Likewise, in *In re Johnson*, 28 Bankr. 292, 299 (Bankr. N.D. Ill. 1983), Case, the PMSP, improperly perfected its security interest *after* Joliet Bank had already perfected its security interest by filing a financing statement with an after-acquired property clause. The court found Case's filing was effective pursuant to § 9-401(2). 28 Bankr. at 297.

As noted above, there is conflicting authority as to the application of § 9-401(2) to a PMSP who misfiles after another party has perfected a security interest. In the absence of statutory language to the contrary, we conclude the good faith misfiling exception in K.S.A. 1991 Supp. 84-9-401(2) applies to misfiled purchase money security interests regardless of whether the prior perfected secured party perfected its security interest before or after acquiring knowledge of the improperly perfected purchase money security interest.

As we understand, Home State argues the second part of K.S.A. 1991 Supp. 84-9-401(2) is only meant to protect those secured parties trying to protect more than one type of collateral in the same financing statement. Therefore, Community National

should not be permitted to use 84-9-401(2) to save its financing statement, which only listed one type of collateral.

A fair reading of 84-9-401(2) tells us that if the financing statement attempts to perfect security interests in more than one type of collateral, and the statement is misfiled for some types of collateral, the security interests in the collateral for which the statement is properly filed are saved by the first part of the statute. White & Summers, Uniform Commercial Code § 24-17 (3d ed. 1988). The second part of the statute protects a security interest perfected by a financing statement filed in the wrong place, so long as the filing is in good faith and the other perfected secured party has knowledge of its contents.

Here the parties agree Home State had knowledge of the contents of Community National's misfiled financing statement. Clearly the second part of 84-9-401(2) applies to the facts of this case.

Affirmed.