**CITY OF ABILENE v. FRYAR,**
County Clerk.

No. 2044.

Court of Civil Appeals of Texas. Eastland.

Oct. 4, 1940.

Kirby, King & Overshiner, of Abilene, for appellant.

Gerald C. Mann, Atty. Gen., and Glenn R. Lewis, Pat M. Neff, Jr., Ocie Speer, and Geo. W. Barcus, Asst. Attys. Gen., for appellee.

FUNDERBURK, Justice.

The City of Abilene (hereinafter referred to as the City) having determined to issue bonds and to secure same in part by instruments to serve both as chattel mortgages and deeds of trust, and having agreed to sell part of the bonds to the Mercantile National Bank of Dallas, as trustee, and another part to the Citizens National Bank in Abilene, and still another part to Farmers & Merchants National Bank of Abilene, purportedly obligated itself by ordinance to have said liens filed and recorded in the office of the County Clerk. In pursuance of said undertaking said City, prior to completed sale and delivery of the bonds, presented to Miss Vivian Fryar, County Clerk of Taylor County (hereinafter referred to as the Clerk), said instruments with the request that each be filed as a chattel mortgage and recorded as a deed of trust. Said instruments not being stamped as provided by Vernon's Ann.Civil Statutes, Art. 7047e, the Clerk refused to file them, unless they were so stamped. The City, although protesting that no stamps were required, in order to procure the requested filing and record of said instruments immediately, issued and delivered to the Clerk city warrants covering the amount of stamps claimed to be necessary; whereupon the Clerk filed and recorded said instruments. Thereafterwards the bonds were sold.

The City brought this suit against the Clerk as sole defendant, alleging in detail

656

and with amplification the foregoing facts; and particularly that "in order to secure the prompt registration of said instrument [there was similar allegation with reference to another instrument] the said City deposited with said Clerk its warrant or check for the sum of $300 [the other being for $299.80] being the amount necessary to buy the stamps to be affixed to said deed of trust in case it was finally determined by proper authority the same were taxable under the provisions of said Art. 7047e and not exempt from taxation as was contended by said City at the time it presented said deed of trust to said clerk as aforesaid; and the said Clerk agreed to hold said warrant pending the final determination of the question by proper authority as to whether or not said deed of trust was exempt from said stamp tax and said warrant is now being held by said Clerk for the purpose aforesaid."

The suit, as its nature appears from the prayer of plaintiff's petition, was one for temporary and permanent injunction "enjoining and restraining the said defendant Vivian Fryar, County Clerk, from cashing said warrants and from buying said revenue stamps from the proceeds thereof; from affixing said stamps to said deeds of trust; that said bonds and deeds of trust be adjudged not subject to said stamp tax and that said defendant be ordered to return said warrants to said city." This was supplemented by the usual prayer for general and special relief.

The only alleged wrong (not righted by the deposit of the warrants) charged to the Clerk was "that the defendant is threatening to cash said warrants which were made payable to her order and to buy stamps with the funds received therefor for the purpose of affixing same to said deeds of trust as a tax on said bonds and will do so unless restrained by your honor's most gracious writ of injunction." It was further alleged that "plaintiff will suffer irreparable injury for which it has no adequate remedy at law, unless the defendant is restrained from collecting the said tax."

The defendant answered by the Attorney General of Texas and certain of his assistants as her attorneys. The defenses urged were: (1) A plea to the jurisdiction on the ground that exclusive jurisdiction was in a "court of competent jurisdiction in Travis County, Texas, under the terms and provisions of Senate Bill No. 247, Acts Regular Session, 45th Legislature, being Art. 7047j, Vernon's Ann.Civil Statutes." (2) That plaintiff had an adequate remedy at law in the provisions of "the Protest Statute". Vernon's Ann. Civil Statutes, Art. 7057b. (3) The non joinder of the State Treasurer (Charlie Lockhart) as a necessary party. (4) That the right of action attempted to be asserted had been superseded by statutory procedure in the provisions of Vernon's Ann.Civil Statutes, Art. 7047j. These pleas were followed by general and special demurrers and general denial.

In a non jury trial the court in its judgment recited "that the law and facts are with the defendant and that plaintiff is not entitled to the relief sought but this cause should be in all things dismissed at the cost of plaintiff." It was accordingly "ordered, adjudged and decreed that plaintiff take nothing by its suit and that this cause be and the same is in all things dismissed from the docket of this court", etc. The plaintiff has appealed.

The judgment imports a contradiction. It purports to determine the merits of the case by decreeing "that plaintiff take nothing by its suit." It also decreed "that this cause be and the same is in all things dismissed from the docket of this court." An action cannot be dismissed and yet leave in effect a judgment determining the issues in the case on their merits. The City construes the judgment as determining the merits, as shown by its insistence that the Clerk's pleas to the jurisdiction, demurrers, etc., were waived by the failure to have the court act upon them. The Clerk construes the judgment as one of dismissal, as shown by the contention that such a judgment was the only proper one under said pleas.

Under our conclusions reached in this case it is of little practical importance whether the case was dismissed or determined against the plaintiff upon its merits. Under these circumstances we feel justified in assuming that such pleas and demurrers were impliedly overruled and judgment rendered upon the merits, which is to say the judgment determined that the deeds of trust were under the law required to be stamped before they were properly to be filed and recorded. This was clearly the legal question which the City by its suit sought to litigate.

■ We are of the opinion that the City had no right to litigate the question of its liability to pay the tax imposed by the provisions of Vernon's Ann.Civil Statutes, Art. 7047e, under the allegations of its pleadings, especially with the Clerk as sole defendant.

In the first place, if the law imposed the tax in question it vested no authority in the Clerk to file or record the deeds of trust without being stamped; but to the contrary, expressly prohibited the Clerk from doing so. If the law did not impose said tax, under the circumstances, it was the ministerial duty of the Clerk to file and record the instruments without being stamped. The Clerk's duty was not affected by any mistaken understanding or construction of the law. The Clerk charged with a ministerial duty is presumed to know the law, and if she makes a mistake as to such question there is a plain and adequate legal remedy for requiring performance of the duty. Matlock v. Smith, 96 Tex. 211, 71 S.W. 956. Such remedy is an action of mandamus. We think the facts alleged in the City's petition show that only questions of law were involved, or sought to be litigated. There was no claim that any facts apart from questions of law were not known to the Clerk. Under these circumstances we think that as a matter of law the City had an adequate legal remedy by an action of mandamus in which we also think the Clerk would have been the only necessary party.

■ ■ In the next place, we are of the opinion that no legal injury was shown, actual or threatened, of a nature calling for equitable relief. The utmost that could be claimed by the City against the Clerk was the asserted right to have the deeds of trust filed and recorded without being stamped. The deeds of trust were so filed and recorded. The City had not been required to purchase stamps or have the instruments stamped. True, the City had deposited its warrants to cover the amount of stamps claimed by the Clerk to be necessary; but according to its allegations it had protected itself by an agreement of the Clerk to hold said warrants pending the final determination of the question by proper authority as to whether or not said deeds of trust were exempt from said stamp tax. It was alleged that "said warrant [similar allegations as to another warrant] is now being held by said clerk for the purpose aforesaid." Could the City under such allegations merely by the further averment that the Clerk "is threatening to cash said warrants which were made payable to her order and to buy stamps with the funds received therefor for the purpose of affixing same to said deeds of trust * * * and will do so unless restrained", etc., show an injury entitling it to litigate the question of its liability to pay the tax? We think not. Even if the pleadings were sufficient we would presume in favor of the judgment that there was no evidence that the clerk was threatening to, or would, cash the warrants in violation of her alleged agreement not to do so.

■ The City contends that the tax in question is a property tax upon the bonds which it was the purpose of the City to sell; that until sold said bonds were the property of the City and exempt to it as a municipal corporation from taxation under Constitution Art. viii, sec. 1, and Art. xi, sec. 9, Vernon's Ann.St. In our opinion, the tax is not a property tax, but one not inappropriately designated as a privilege tax; that it is not levied upon the maker of notes or other obligations nor upon the owners thereof merely as such, but upon the privilege of such owners to have the specified liens filed and/or recorded under the registration laws. The tax, we think, is properly to be classified with those designated by Corpus Juris, as a "mortgage recording tax" or in similar terms. 61 C.J. secs. 2270–2305, inclusive.

■ In our opinion, an undelivered note, bond or other written promise to pay money or thing of value, is not *property* subject to taxation under the Constitution and laws of this State, and, therefore, of course, not within tax exemption provisions. Such only become property upon delivery and then, of course, the property of the obligees and those claiming under them and not of the obligors. This is a proposition which appeals to us as so self-evident that we deem it unnecessary to cite authorities, or extend the opinion by further comment upon this point.

■ While there is language in said Art. 7047e which imports the levy of the tax "on all notes and obligations", same being further described as "secured by chattel mortgage, deed of trust, mechanic's lien contract, vendor's lien, conditional sales contract and all instruments of a similar nature which are filed or recorded in the office of the County Clerk under the

Registration Laws of this State", nevertheless, we think, the statute is properly to be construed as levying the tax not upon debts or evidences of debts, but upon the privilege of the lien holder to acquire the benefits of the registration laws. An essential to the liability of anyone for payment of the tax is that the lien be "filed or recorded in the office of the County Clerk." If the tax was levied upon notes or other obligations rather than the privilege of having the liens securing same filed and recorded, the statute imposing the tax, would, we think, be unconstitutional and void as making an arbitrary distinction between such debts as property and others of the same character similarly secured by instruments evidencing such security but not filed or recorded. Further, notes, bills, bonds, etc., are property of the owner and subject to the constitutional provision that "taxation shall be equal and uniform" and "be taxed in proportion to its value." Const. Art. viii, sec. 1. If, therefore, only notes or other obligations secured by liens which are filed and/or recorded were taxed an additional 10¢ per $100 that also would involve an arbitrary discrimination and double taxation. In the interpretation of the statute to determine whether it imposes a property tax or privilege tax it is highly significant that the statute declares no exemption of the "notes and other obligations" from the property tax to which they are already liable. Besides, any such exemption would be unconstitutional as not embraced within the exemptions declared by the Constitution. These and perhaps other reasons seem to us to require the indicated construction of the statute. The Legislature has so construed it in an amendment of the Act as originally passed. The original Act contained the provision that: "No tax shall be levied on instruments for an amount of Two Hundred Dollars ($200) or less." Acts 1936, 3d Called Sess., c. 495, art. 4, § 9. That provision was amended to read that "No tax shall be levied on instruments *securing* an amount of Two Hundred ($200.00) Dollars or less." (Italics ours) Corpus Juris says: "There is authority for the view that, in determining the nature of a tax in respect of mortgages and similar instruments which is computable on the amount of the debt and payable on or before the recording or registration of the instrument hereinafter referred to as the 'mortgage recording tax' or in similar terms, the court will look through the form of the statute providing for the tax, to the substance, and that a characterization of the tax contained in the statute will not necessarily control." 61 C.J. p. 1540, sec. 2270. We think that principle may be applied here and, in connection with the rule that if a statute under one construction would be unconstitutional and void and under another valid it will be given, if possible, the construction which will give it effect, amply justifies the construction we have indicated. Under this view the reference to "notes and other obligations" in terms as though the levy was made thereon was only for the purpose of adopting the measure of the tax levied upon the privilege of the owners of such notes and other obligations to have the specified securities therefor filed and recorded under the registration laws.

The City contends that the statute levying the tax is unconstitutional because of the $200 exemption. We incline to the view that there is no merit in this contention. The statute levies the tax in such terms that the express exemption provision was wholly unnecessary. The tax is so imposed that it only applies to the security for debts *exceeding* $200 and therefore the provision purporting to exempt $200 can only serve to emphasize the intention not to tax the first $200. We find it unnecessary, however, to definitely decide this point; because we agree *that the law does not impose the tax on the City under the circumstances disclosed by the undisputed facts in this case,* and hence the City is not entitled here to urge the unconstitutionality of the statute. "The validity of a statute will not be inquired into unless necessarily involved in the case before the court." 59 C.J. p. 621, sec. 179.

The statute does not name those liable for the tax. Concerning taxes of such general nature the authority before cited says: "Some statutes specifically provide for payment of the mortgage recording tax by the mortgagee while others do not make specific provision as to who shall pay the tax, but even though such provision is not made the view has been taken it is the duty of the mortgagee to pay the tax." 61 C.J. p. 1553, sec. 2291. Such view appeals to us as the correct one. The question here suggests itself: If the statute does not levy the tax upon a person executing a note, or upon a city executing a bond, etc., but does levy it upon the owner of the note or bond, was the Clerk in this case authorized to file and record the deeds

of trust without payment of the tax by anyone, or one not the owner, just because the City had acknowledged in an ordinance its agreement to have such liens filed and recorded? We certainly do not think so. Those legally liable to pay the tax could no more be exempted in that way than a city or other municipal corporation could sell its exempt property to an individual and transfer to the latter its exemption merely by agreeing to pay future accruing taxes. It was a matter of indifference to the Clerk who paid for the stamps or from whom they were purchased or by whose hand they were attached to the deeds of trust. Her sole duty, other than to supply the stamps if requested, was to obey the statutory prohibition not to file or record the instruments unless they were stamped.

The only means of enforcing payment of the tax were provided in the terms and effect of the statute. As said, the statute prohibited the Clerk from filing or recording the instruments if they were subject to the tax. If that duty be discharged then one liable to pay the tax will in the absence of its payment be penalized by being deprived of the benefits of registration. Even if the Clerk disobeyed the prohibition, we doubt if the recorded instruments would constitute constructive notice. If an instrument is not proved or acknowledged so as to entitle it to registration, it is our understanding that its record will not constitute constructive notice. Upon principle, it would seem that an instrument filed or recorded in violation of an express statutory prohibition would not constitute constructive notice. It would not be an instrument *duly* filed or recorded. But manifestly if before any debt comes into existence but merely in contemplation that it may or will do so, an instrument securing such debt only if and when it does come into existence, may be filed or recorded without being stamped, the only means provided for by the statute to enforce payment of the tax will be rendered utterly futile. If the City by its contract with potential purchasers of its bonds has the authority and undertakes to relieve such purchasers of the tax due only by them if and when they become owners of the bonds, and agrees to procure the filing and registration of the deeds of trust securing same, and if that agreement includes the obligation to pay the necessary taxes, it is wholly immaterial that the City was not rendered by law liable for the taxes but the duty of the Clerk not to file or record the instruments is wholly unaffected by such agreement.

It is our conclusion that the judgment of the court below should be affirmed and it is accordingly so ordered.