Ricky Allen MURPHY, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–81–00074–CR.

Court of Appeals of Texas, San Antonio.

April 27, 1983.

Samuel H. Bayless, San Antonio, for appellant.

Bill White, Dist. Atty., Teofilo Chapa, E. Dickinson Ryman, Michael A. Kuehr, Asst. Dist. Attys., San Antonio, for appellee.

Before CADENA, C.J., and BUTTS and CANTU, JJ.

## OPINION

CADENA, Chief Justice.

Appellant was found guilty by a jury of the offense of aggravated sexual abuse. The jury set his punishment at imprisonment for fifteen (15) years and a fine of $10,000.00.

The pertinent portion of the indictment alleges that appellant, "RICKY ALLEN MURPHY, ... did ... intentionally and knowingly, with intent to arouse and gratify his sexual desire, engage in deviate sexual intercourse by ... placing his genitals in contact with the mouth of Bruce Krueger, a male, ..."

■ Appellant's first, second and fourth grounds of error assert that (1) the indictment is defective because it does not allege that appellant and complainant, both males, were not married to each other; (2) the trial court erred in overruling his objection to the charge and refusing to include, in that portion of the charge defining the offense, the requirement that the victim of the offense not be the spouse of the appellant; and (3) the trial court committed fundamental error when it authorized the jury to find appellant guilty without first finding that appellant and complainant were not married and in overruling appellant's motion for instructed verdict based on the alleged defect in the indictment.

The indictment obviously alleges that appellant and complainant are both males. It alleges that appellant acted with intent to gratify "his" sexual desire by placing "his" genitals in contact with the mouth of complainant, "a male." The personal masculine pronoun, "his", as it appears twice in the charging portion of the indictment, indubitably refers to appellant, unless we are prepared to adopt the clearly untenable position that the indictment charges that appellant sought to gratify complainant's sexual desire by bringing complainant's genitals in contact with complainant's mouth or that appellant sought appellant's sexual gratification by placing the complainant's genitals in contact with complainant's mouth.

Since the indictment unmistakably identifies both appellant and complainant as males, it clearly negates the possibility that they were husband and wife, since in Texas two males cannot obtain a marriage license or enter into a common law marriage. Tex. Fam.Code Ann. § 1.01 (Vernon 1975). The indictment unequivocally apprises appellant of the nature of the charge against him and, when viewed in its entirety gave him all information necessary to prepare his defense. Under the circumstances, to insist that the indictment does not make the absence of a spousal relationship between appellant and complainant manifest would be absurd. *See Jacquez v. State,* 579 S.W.2d 247 (Tex.Cr.App.1979).

Tex.Penal Code Ann. § 21.04(a)(1) (Vernon 1974) provides that a person commits the offense of sexual abuse if, without the other person's consent and with intent to arouse or gratify the sexual desires of any person, the actor:

> engages in deviate sexual intercourse with the other person, not his spouse, whether the other person is of the same or opposite sex.

The charge in this case defined the offense by using the statutory language, except that the definition contained in the charge omitted the phrase, "not his spouse."

In another portion of the charge, the court instructed the jury that they could find appellant guilty if they found, beyond a reasonable doubt that appellant intentionally or knowingly "with intent to arouse or gratify his sexual desire, engage in sexual deviate conduct by placing his genitals in contact with the mouth of Bruce Krueger, a male, ... without the consent of ... Bruce

Krueger." The charge did not require the jury to believe, beyond a reasonable doubt, that complainant was not the spouse of appellant.

What we have said concerning the sufficiency of the indictment is applicable to appellant's complaint that the charge erroneously failed to require the jury to find that appellant and complainant were not married at the time of the incident.

In referring to the requirement that appellant had acted intentionally with intent to arouse or gratify appellant's sexual desire, the court used the masculine pronoun. The charge required the jury to find that appellant brought his genitals in contact with the mouth of a male. The witnesses who testified referred to appellant either by name or by use of the affirmative pronoun. The testimony shows that the act of deviate sexual intercourse consisted of appellant's placing his penis in complainant's mouth. In view of all the circumstances, it cannot be rationally concluded that the failure of the trial court to include in the charge a requirement that the jury find an absence of the marital relationship was reversible error, if error it was. Appellant's first, second and fourth grounds of error are without merit.

■ The trial court's charge authorized conviction if the jury found that appellant "intentionally and knowingly with intent to arouse or gratify his sexual desire engaged in deviate sexual intercourse" with complainant. Appellant's third ground of error presents the contention that the charge is erroneous because it permits conviction if appellant acted knowingly, while the statute requires that the accused act "with intent."

The gist of the offense denounced by § 21.04 is engaging in deviate sexual intercourse with the requisite intent. The charge clearly requires the jury to find that appellant placed his genitals in contact with complainant's mouth with the intent to arouse or satisfy appellant's sexual desire. The statute does not require the act of engaging in deviate sexual intercourse be intentionally or knowingly done with the intent to arouse or gratify sexual desire. It merely requires the occurrence of the conduct accompanied with the intent to arouse or gratify. *Cf. Clark v. State,* 558 S.W.2d 887 (Tex.Cr.App.1977); *Teniente v. State,* 533 S.W.2d 805 (Tex.Cr.App.1976). The instruction requiring the jury to find that appellant intentionally or knowingly engaged in the conduct with the required specific intent clearly does not decrease the State's burden of proof and does not authorize a conviction based on the finding of a mental state less than that required by the statute. Appellant's third point is overruled.

■ In his fifth ground of error, appellant complains of alleged error that occurred during appellant's closing argument. In his argument, appellant's attorney attempted to refer to possible bias or prejudice on the part of Robert Marchand, a State's witness. The argument and the prosecutor's and court's responses appear in the record as follows:

MR. BAYLESS: . . . and he is back in the jailhouse on a motion to revoke probation and on grounds of another burglary. He is awaiting indictment on that same burglary. In other words, he has a pending case . . . Now, he comes in as a witness for the State and he testified that before he did so he had conferred with his lawyer. . . . And he said that he thought his lawyer would not advise him to do anything that would be harmful to him. Again, I submit it is a reasonable deduction that in his mind he felt he could gain with the State regardless of whether or not they specifically offered him anything down the line for coming in here today or yesterday and testifying.

MR. RYMAN: Again, we object to that. There is no such evidence. It is not true. It is an attempt to mislead this jury as to what the evidence is in this case, and we object to it Your Honor, and we ask this jury be instructed not to regard it.

COURT: I sustain that. Ladies and gentlemen, you have to concern yourself with the testimony heard from the witness stand and nothing else. I will ask you to disregard the comment about what is going to happen to this man who testified and what kind of deal he had, if any, with the State. There is no evidence to that effect. Let's proceed.

MR. BAYLESS: Members of the jury, I told you that I did not know and there was not evidence of a deal. But I said—

MR. CHAPA [Prosecutor]: Excuse me, he knows there was no evidence. He was there when I told the attorney.

MR. BAYLESS: That is what I'm trying to tell the jury.

COURT: I have already told them.

MR. BAYLESS: I submit as a reasonable deduction that man in his mind could feel it is to his benefit to testify for the State. That is common sense. . . .

The jury learned that Marchand was subject to a motion to revoke probation and was awaiting indictment during his direct examination and his cross-examination. Appellant contends that the "beneficial effect" of the evidence was negated when the court sustained the State's objection, instructed the jury not to consider what would happen to the witness after trial, and commented that there was no evidence of a deal.

Appellant correctly cites several cases for the proposition that a defendant is entitled to cross-examine a witness for the prosecution about his present criminal legal status in order to demonstrate to the jury his possible bias or prejudice for the State as a result of that status. *See Davis v. Alaska,* 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974); *Randle v. State,* 565 S.W.2d 927 (Tex.Cr.App.1978); *Evans v. State,* 519 S.W.2d 868 (Tex.Cr.App.1975). In the instant case, there was no lack of opportunity to cross-examine the State's witness as to possible bias or favor on his part. Appellant questioned Marchand about his present legal problems with the State but did not specifically cross-examine Marchand as to whether he expected to receive favorable treatment from the State in exchange for his testimony or whether he in fact had a "deal" with the State for his testimony.

■ Appellant is concerned that the court's instruction to the jury may have neutralized the evidence concerning the witness' legal status and may have implied that the inference of possible bias or prejudice on Marchand's part was impermissible. Examining the record as a whole, we find no error. The prosecutor's objection and the court's subsequent instruction concerned the absence of evidence that there was indeed a bargain between Marchand and the State for his testimony. We note that earlier in his closing argument, appellant's attorney tried to imply a bargain or "some sort of cooperation" between complainant and the State. An objection concerning the lack of such evidence was made and sustained in that instance also.

Appellant was not prevented from suggesting possible bias or prejudice on the part of Marchand. In the last exchange concerning Marchand's possible bias, appellant's attorney stated to the jury that it was a "reasonable deduction" that Marchand might feel that it was to his benefit to testify for the State. The jury observed Marchand's demeanor and listened to his testimony. Each juror was capable of judging Marchand's credibility and drawing from the evidence whatever deduction he deemed reasonable.

■ In his sixth and seventh ground of error, appellant asserts that the trial court erred in refusing to charge the jury as to the lesser included offense of homosexual conduct. Appellant submitted two charges concerning homosexual conduct and timely objected on this ground.

Article 37.09 defines a lesser included offense as "an offense which is established by proof of the same or less than all the facts required to establish the commission of the offense charged, which involves a less serious injury or risk of injury to the same person, property or public interest, is established by a lesser culpable mental state, and

consists, of an attempt to commit the offense charged or a lesser included offense." Tex.Code Crim.Proc. art. 37.09 (Vernon 1981). The essence of the lesser included offense is that among the various elements of the greater offense are elements which comprise the lesser offenses.

Among the various elements that comprise sexual abuse are elements comprising homosexual conduct. *Compare* Tex.Penal Code Ann. § 21.06 and § 21.04 (Vernon 1974). The offense of homosexual conduct differs from sexual abuse in that it does not specify that the act of deviate sexual intercourse be committed without the victim's consent, and with the intent to arouse or gratify the sexual desires of any person. Appellant maintains that the court erred in refusing to charge the jury as to homosexual conduct because the evidence raised an issue as to whether complainant, Bruce Krueger, did consent to intercourse with appellant. *See Day v. State,* 532 S.W.2d 302, 306 (Tex.Cr.App.1975). Appellant's contention is without merit. It is clear from the record that complainant did not consent to appellant's act of deviate sexual intercourse. *See Johnson v. State,* 623 S.W.2d 654 (Tex.Cr.App.1981).

It is undisputed that appellant made no verbal or physical threats against complainant. Complainant testified that he committed oral sodomy upon appellant because he feared for his life. Appellant was part of a group of prisoners who earlier in the evening had physically harassed another prisoner, Robert Marchand. Later that evening, an inmate approached complainant and ordered him to get off his bunk and go to the middle of the cell. When he declined, complainant was bodily moved to the center of the cell, where a group of approximately seven inmates were standing in a circle. Appellant was a member of that group. Complainant lost his footing on a wet spot on the floor, and as he fell, he was hit in the face by Robert Marchand, the inmate who had been the victim of the earlier harassment. Marchand struck complainant several times in the face, and several unidentified inmates kicked appellant in the back. After the fight ended, every-

one returned to his bunk. Throughout this fight, the other prisoners were yelling and making noise.

About 10 or 15 minutes later, two inmates, Bloodsworth and Wilhite, came to complainant's bunk demanding sex from him. Complainant stated that he feared the group would force him to fight with Marchand again. He first refused the inmates' demand. Complainant was forced to the center of the cell where he was ordered to undress. When he refused to disrobe, an inmate threatened to call Marchand. As complainant disrobed, the group of prisoners chanted "dance, dance, dance." Once again, appellant was a member of that group.

The inmates forced complainant into a bottom bunk, where one performed an act of anal intercourse upon him, while the other forced him to commit oral intercourse. During the initial acts of sodomy performed on complainant, appellant was part of the group of inmates standing near by. Appellant was the third person to perform sodomy on complainant. Complainant testified that he did not willingly submit to the sodomy. In all, complainant was forced to perform deviate sexual acts with six different inmates. There were threats of hanging or other means of killing complainant. He was also told not to call the guards, because they could hang him before the guards arrived. Complainant submitted to sexual abuse under the group's continuous threat to his life. While appellant may not have articulated a threat to complainant, appellant was an integral part of the threat to complainant by supporting the groups actions and by forcing complainant to perform oral sex.

Clearly, the lack of consent was not put in issue by the evidence. A charge on the lesser included offense of homosexual conduct was not necessary because the evidence failed to raise the issue of complainant's consent to appellant's acts. Consequently, the trial court did not commit error by failing to instruct the jury as to the lesser offense of homosexual conduct.

■ Grounds eight, nine, and ten claim error in the court's charge concerning the law of parties. *See* Tex.Penal Code Ann. § 7.01(a) (Vernon 1974). Appellant argues that there was no direct threat by him towards complainant and no proof that appellant was criminally responsible for the conduct of any other inmate. According to appellant, although other persons may have aided him in the commission of an offense, he is not criminally responsible for the instant sexual abuse of complainant because he neither aided nor assisted any other inmate in the commission of the offense charged.

Section 7.01(a) provides that a person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or by both. Section 7.02(a)(2) provides that a person is criminally responsible for an offense committed by the conduct of another if acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense.

The trial court's charge concerning the law of parties was as follows:

### III.

Our law provides a person is criminally responsible as a party to an offense if the offense is committed by his own conduct, or by the conduct of another for which he is criminally responsible, or by both. Each party to an offense may be charged with commission of the offense.

Mere presence alone will not make a person a party to an offense. A person is criminally responsible for an offense committed by the conduct of another if acting with intent to promote or assist the commission of the offense he solicits, encourages, directs, aids or attempts to aid the other person to commit the offense. The court's third charge correctly instructed the jury as to the law of parties. The court's fourth charge instructed the jury to find appellant guilty if they believed, beyond a reasonable doubt, that appellant,

"either acting alone or together with another party," committed the offense charged. We find no error in the court's charge concerning the law of parties.

■ The record shows that appellant was a member of a group of inmates whose actions constituted an ongoing threat to complainant. Two members, Wilhite and Bloodsworth, communicated the actual requisite threats to complainant. After Wilhite and Bloodsworth forced complainant to commit acts of deviate sexual intercourse, appellant proceeded to engage in deviate sexual intercourse with complainant. The evidence was sufficient to show that appellant provided the means of committing the act of "deviate sexual intercourse" while Wilhite and Bloodsworth provided the requisite threats. Appellant clearly aided in the commission of the offense, and was thus culpable. The record supports the jury's apparent finding that appellant was criminally responsible for the threats communicated by the other inmates.

■ In his eleventh ground of error, appellant challenges the trial court's refusal to charge the jury on the issue of whether sexual abuse of complainant would have occurred without the concurrent action of the other occupants of the jail cell. Under Section 6.04, a person is criminally responsible if the result would not have occurred but for his conduct, operating alone or concurrently with another cause, unless the concurrent cause was clearly sufficient to produce the result and the conduct of the actor clearly insufficient. Tex.Penal Code Ann. § 6.04 (Vernon 1974). Appellant maintains that he was not "criminally responsible" for the sexual abuse of complainant because the want of consent was a result of the acts of his fellow inmates, and not an act of the appellant. As stated before, appellant supported the group by his actions. While appellant may not have verbally threatened complainant, appellant was continuously involved in the group's activities and very much a part of the threat to complainant. For these reasons,

appellant's eleventh ground of error is overruled.

In his twelfth and final ground of error, appellant contends that the trial court erred in not granting his motion for mistrial when testimony of an extraneous arrest was introduced during the punishment phase of the trial.

During the punishment phase of the trial, the State attempted to introduce the Bexar County Trial Record of appellant through the testimony of Sergeant Clause. Apparently, the State was attempting to use the records to establish a connection between appellant, an out of state warrant and an out of state probation. When the State attempted to introduce appellant's jail records, appellant's counsel objected and a lengthy discussion at the bench ensued. After this discussion, the court declared a fifteen minute recess to give the prosecutors an opportunity to find authority to support their position. When court reconvened, the State rested. At appellant's request, the court instructed the jury to disregard Sergeant Clause' testimony. The court's instruction was as follows:

> COURT: Ladies and gentlemen of the jury, you are to disregard the testimony of Sergeant Clause for all purposes whatsoever. Disregard it and forget about it as it has nothing to do with this case.

After the court instructed the jury to disregard the testimony, appellant moved for a mistrial. Appellant maintains that Sergeant Clause' testimony effectively allowed the jury to speculate as to appellant's prior criminal record.

■ An error in the admission of improper testimony is cured by the trial court's instruction to disregard, except in cases when it appears that the question or evidence is clearly calculated to inflame the minds of the jury and is of such character as to suggest the impossibility of withdrawing the impression produced on their minds. *Campos v. State,* 589 S.W.2d 424, 428 (Tex. Cr.App.1979); *Evans v. State,* 542 S.W.2d 139, 141 (Tex.Cr.App.1976). It has been held that testimony referring to or implying

extraneous offenses allegedly committed by the defendant may be rendered harmless by the trial court's instruction to disregard. *Thompson v. State,* 612 S.W.2d 925, 928 (Tex.Cr.App.1981); *Campos v. State,* 589 S.W.2d at 428. We find that any possible harm caused by the testimony of Sergeant Clause was cured by the court's instruction to the jury to entirely disregard the testimony.

Judgment is affirmed.