OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

December 16, 1999

The Honorable Susan D. Reed
Bexar County Criminal District Attorney
300 Dolorosa, Fifth Floor
San Antonio, Texas 78205-3030

Opinion No. JC-0156

Re: Whether a county clerk must accept for filing a "declaration of domestic partnership" (RQ-0084-JC)

Dear Ms. Reed:

You have asked this office whether the County Clerk of Bexar County, Texas is required to accept for filing a document styled a "declaration of domestic partnership," in which two unmarried persons who reside together declare under oath "that the two individuals share in each other's lives in a committed relationship and that they agree to be jointly responsible for each other's financial responsibilities." Letter from Honorable Susan D. Reed, Criminal District Attorney, Bexar County, to Honorable John Cornyn, Attorney General, at 1 (July 9, 1999) [hereinafter "Request Letter"]. We conclude that such a document, like the purported judgments of the "common law courts" of the "Republic of Texas" that this office dealt with in Attorney General Opinion DM-389 (1996) and the various unusual instruments we considered in Letter Opinion 98-016, is a stranger to the laws of Texas. Accordingly, section 192.001 of the Local Government Code does not require the County Clerk of Bexar County to record this document.

Section 192.001 of the Local Government Code provides that the county clerk "shall record each deed, mortgage, or other instrument that is required or permitted by law to be recorded." TEX. LOC. GOV'T CODE ANN. § 192.001 (Vernon 1999). In recent years, this office has considered the applicability of this statute to a variety of what may be termed "home-made" documents by which citizens have attempted to alter or abolish their legal and political relations with the State of Texas and the United States, or to impose purported legal obligations upon third parties. Thus, in Attorney General Opinion DM-389 we advised that county clerks were not required to file purported judgments of "common law courts" organized by persons who alleged themselves to be the Republic of Texas, which courts we described as "bodies which have no legal existence except in the minds of the partisans of this movement." Tex. Att'y Gen. Op. No. DM-389 (1996) at 2. Noting the language of section 192.001 cited above, the opinion rules, "An instrument originating from a 'common law' court is not one 'that is required or permitted by law to be recorded.'" *Id.*

Similarly, in Letter Opinion 98-016, we applied the same reasoning to a number of other unusual documents, some of which were and some of which were not in affidavit form, including *inter alia*: "Refusal to Pay Property Taxes . . . Affidavit Revoking Signature . . . Affidavit of Refusal to Accept Post . . . Surrender of Social Security Card . . . Declaration of Person Being

a Sovereign . . . [and] Notice of Asseveration . . . ." Tex. Att'y Gen. LO-98-016, at 1-2. Relying upon *City of Abilene v. Fryar*, 143 S.W.2d 654 (Tex. Civ. App.–Eastland 1940, no writ), Letter Opinion 98-016 held that "the clerk may file and record a document only if authorized, required, or permitted to do so by a statute." Tex. Att'y Gen. LO-98-016, at 3.

In our view, the teaching of Attorney General Opinion DM-389 and Letter Opinion 98-016 is clear. Instruments by which individuals, without legal warrant, seek to alter their political or juridical relations with others, or to impose legal burdens upon third parties, are not, in the words of section 192.001, such as are "required or permitted by law to be recorded," and consequently the clerk has no duty to record them.

The affidavits at issue here appear designed to create or proclaim a legal relation akin to marriage. Noteworthy in this regard is the agreement "to be jointly responsible for each other's financial responsibilities." Request Letter, *supra*, at 1. This is essentially the same commitment as the mutual duty of spousal support mandated by section 2.501 of the Family Code. Such affidavits do not, however, create a marital relation under Texas law.

Texas recognizes two forms of marriage, ceremonial and informal. *See* TEX. FAM. CODE ANN. ch. 2 (Vernon 1998). Ceremonial marriages require a marriage license. *Id.* § 2.001. Informal marriages may be proved either by a declaration registered with the county clerk, *id.* §§ 2.401, .402, .404, or by evidence that *"the man and woman* agreed to be married and after the agreement they lived together in this state as husband and wife and there represented to others that they were married." *Id.* § 2.401(a)(2) (emphasis added).

Generally, such affidavits as these are apparently made in an attempt to secure some legal recognition for unions of persons of the same sex. *See* Mary Flood, *Unmarried Couples Await State Ruling*, WALL ST. J., Aug. 18, 1999, at T1. However, the laws of Texas do not recognize marriages between persons of the same sex, whether ceremonial or informal. *See* TEX. FAM. CODE ANN. §§ 2.001(b) (Vernon 1998) (marriage license may not be issued for same-sex marriage); 2.401(a)(2) (informal marriage requires agreement of "man and woman"); *Murphy v. State*, 653 S.W.2d 567, 569 (Tex. App.–San Antonio 1983, writ ref'd); *accord* Tex. Att'y Gen. Op. Nos. M-1277 (1972); M-1216 (1972). Neither the county clerk, by registration of such instruments as those in question here, nor private persons by the creation of them, may alter the laws of Texas.

Because such an affidavit as you describe is not, therefore, one "required or permitted by law to be recorded," TEX. LOC. GOV'T CODE ANN. § 192.001 (Vernon 1999), the County Clerk of Bexar County is not required to accept it for recording.

### S U M M A R Y

"Declarations of domestic partnership" are not "documents required or permitted by law to be recorded." TEX. LOC. GOV'T CODE ANN. § 192.001 (Vernon 1999). Accordingly, county clerks are not required to accept them for recording.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

James E. Tourtelott
Assistant Attorney General - Opinion Committee