OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS



July 18, 2000

The Honorable Joe F. Grubbs
Ellis County and District Attorney
Ellis County Courthouse
Waxahachie, Texas 75165-3759

Opinion No. JC-0256

Re: Whether a county clerk is required to accept for filing a UCC financing statement in which the listed secured party is the same person as the listed debtor (RQ-0196-JC)

Dear Mr. Grubbs:

A county clerk must file and record only those documents that the clerk is statutorily authorized or required to file. *See* TEX. LOC. GOV'T CODE ANN. § 192.001 (Vernon 1999); Tex. Att'y Gen. Op. No. JC-0156 (1999) at 1-2; Tex. Att'y Gen. LO-98-016, at 2-3. You ask whether the Ellis County Clerk is required to accept for filing a purported UCC financing statement that names the same person as both the secured party and the debtor. *See* Letter from Honorable Joe F. Grubbs, Ellis County and District Attorney, to Honorable John Cornyn, Texas Attorney General (Feb. 18, 2000) [hereinafter "Request Letter"]. We conclude that such a document does not comply with chapter 9 of the Business and Commerce Code and that the county clerk consequently is not required to accept the document. We see no reason to limit our conclusion to the clerk of Ellis County only.

The Ellis County Clerk has received documents for filing and recording that you describe as "unusual and . . . not necessarily regular on their faces." *Id.* at 1. "In particular," you state, "the County Clerk has received UCC financing statements . . . where on each the same person is named a[s] the 'debtor' and as the 'secured party.'" *Id.* All of the purported financing statements claim that the "debtor" is a "transmitting utility." *Id.* You suspect that the persons seeking to file these purported financing statements may be affiliated with "a common[-]law court group" and "may be attempting to prioritize liens in avoiding taxes." *Id.* at 2. The Clerk has not filed these documents, and you ask whether the Clerk's refusal is proper. *Id.* at 1.

This office concluded in Attorney General Opinion JC-0156 that a county clerk is required to accept for filing only a document, "regular on its face," that the clerk is "authorized, required, or permitted" by statute to file. *See* Tex. Att'y Gen. Op. No. JC-0156 (1999) at 2; *accord* Tex. Att'y Gen. LO-98-016, at 2, 6. Section 192.001 of the Local Government Code, upon which the conclusion of Attorney General Opinion JC-0156 is based, directs a county clerk to record each instrument "that is required or permitted by law to be recorded." TEX. LOC. GOV'T CODE

ANN. § 192.001 (Vernon 1999); *see* Tex. Att'y Gen. Op. No. JC-0156 (1999) at 2; Tex. Att'y Gen. LO-98-016, at 2, 6; *City of Abilene v. Fryar*, 143 S.W.2d 654, 657 (Tex. Civ. App.–Eastland 1940, no writ). Conversely, a county clerk has no duty to accept for filing a document that the clerk has no statutory authority to file. *See* Tex. Att'y Gen. Op. No. JC-0156 (1999) at 2; *accord* Tex. Att'y Gen. LO-98-016, at 6.

If a county clerk has a duty to accept a purported UCC financing statement such as you describe, that duty arises under chapter 9 of the Business and Commerce Code. Chapter 9, which is also known as "Uniform Commercial Code—Secured Transactions," *see* TEX. BUS. & COM. CODE ANN. § 9.101 (Vernon 1991), regulates any transaction that is "intended to create a security interest in personal property or fixtures including goods, documents, instruments, general intangibles, chattel paper or accounts." *See id.* § 9.102 (Vernon Supp. 2000). For the purposes of chapter 9, a "debtor" is a "person who owes payment or other performance of the obligation secured." *Id.* § 9.105(4). A "secured party" is "a lender, seller[,] or other person in whose favor there is a security interest." *Id.* § 9.105(13). A "security interest" is "an interest in personal property or fixtures [that] secures payment or performance of an obligation." *Id.* § 1.201(37)(A); *see also id.* § 9.105(d) (stating that relevant definitions may be found in chapter 1, Business and Commerce Code).

Under chapter 9, a secured party generally must file a financing statement with the county clerk to perfect a security interest in a transaction. *See id.* §§ 9.302(a), .303(a), .304. *But see id.* §§ 9.104, .302, .305. A proper financing statement names the debtor and the secured party; bears the debtor's signature; lists the secured party's address so that information concerning the security interest may be obtained; states the debtor's mailing address; and lists or describes the types or items of collateral. *See id.* § 9.402(a). To perfect a security interest in certain kinds of goods, the secured party, not the debtor, must sign the financing statement. *See id.* § 9.402(b).

Once a security interest is perfected, and if the debtor defaults on the loan from the secured party, the secured party may take possession and dispose of the collateral listed on the financing statement. *See id.* §§ 9.501(a), .503, .504 (Vernon 1991); *accord Bank One, Tex. v. Stewart*, 967 S.W.2d 419, 435 (Tex. App.–Houston [14th Dist.] 1998, pet. denied). "A secured party takes priority over [the holder of] an unperfected security interest and may take priority over other secured parties depending upon when the parties perfected their interest." *Bank One, Tex.*, 967 S.W.2d at 435; *see also* TEX. BUS. & COM. CODE ANN. §§ 9.301, .312 (Vernon Supp. 2000). A person who "intentionally or knowingly" presents or causes to be presented for filing a "groundless" financing statement that the person knows is groundless may commit a Class A misdemeanor. *See* TEX. PEN. CODE ANN. § 37.101 (Vernon Supp. 2000).

A document that purports to be a chapter 9 financing statement but that lists the same person as the debtor and the secured party does not create a security interest. "A security interest . . . is an interest in property [that] is given, by contract, from one person to another person to secure an obligation [that] the giver of the security interest (the debtor) owes to the person to whom the security interest is given." N.D. Att'y Gen. Op. No. 99-13, 1999 WL 717972, at *2. Where the debtor and the secured party are natural persons, they must be different people. If the debtor and

secured party are the same entity, the debtor cannot be legally obligated to repay a loan of money or property to the secured party. *See* TEX. BUS. & COM. CODE ANN. § 9.105(a)(4), (13) (Vernon Supp. 2000) (defining "debtor" and "secured party"). Similarly, a debtor cannot default on a loan from him- or herself in a way that would make sense of the statutory liability and criminal penalty provisions. *See id.* § 9.412; TEX. PEN. CODE ANN. § 37.101 (Vernon Supp. 2000).

Because this type of purported financing statement does not, on its face, create a security interest, a county clerk has no duty to file it and, indeed, may refuse to file it. *See id.*; *accord* Tex. Att'y Gen. Op. JC-0156 (1999) at 2 (stating that county clerk may not accept for filing any document that clerk lacks statutory authority to file); Tex. Att'y Gen. LO-98-016, at 6 (same). Depending upon the knowledge or intent of a person who attempted to file such a financing statement, he or she may be guilty of a Class A misdemeanor under section 37.101 of the Penal Code. *See* TEX. PEN. CODE ANN. § 37.101 (Vernon Supp. 2000). Whether a person has committed a crime in any particular circumstance is a question of fact that cannot be resolved in an attorney general opinion. *See* Tex. Att'y Gen. Op. Nos. JC-0020 (1999) at 2; DM-98 (1992) at 3; H-56 (1973) at 3.

### S U M M A R Y

A county clerk is not required to accept for filing a document, purported to be a financing statement under chapter 9 of the Business and Commerce Code, if the document names the same person as the debtor and the secured party.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee