ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

August 15, 2006

The Honorable Joel D. Littlefield
Hunt County Attorney
Post Office Box 1097
Greenville, Texas 75403-1097

Opinion No. GA-0450

Re: Whether a county clerk is authorized, required, or permitted by statute to file and record a common-law copyright (RQ-0449-GA)

Dear Mr. Littlefield:

A county clerk may record only documents that are authorized, required, or permitted by statute to be recorded in the clerk's office. *See* Tex. Att'y Gen. Op. No. JC-0156 (1999) at 2 (quoting Tex. Att'y Gen. LO-98-016, at 3). You ask whether a county clerk is authorized, required, or permitted to file and record a common-law copyright.[1]

An individual has presented for recording to the Hunt County Clerk a document labeled "Common[-]Law Copyright Notice."[2] In it, the individual seeks to reserve all "common-law copyright" rights "of trade-name/trademark, TIMOTHY SHAMELL NEWSOME©." *See* Copyright Notice attached to Request Letter, *supra* note 1. You do not believe that the clerk has authority to accept the document for recording, and you seek our confirmation. *See* Request Letter, *supra* note 1, at 1.

Local Government Code section 191.001 requires a county clerk to "record . . . the contents of each instrument that is filed for recording and that the clerk is authorized to record" and to keep the records "properly indexed and arranged." TEX. LOC. GOV'T CODE ANN. § 191.001(c)–(d) (Vernon 1999); *see also* TEX. CONST. art. V, § 20 (stating that the Legislature shall prescribe the county clerk's duties). Chapter 192 lists the documents that a county clerk is required to record:

- "each deed, mortgage, or other instrument that is required or permitted by law to be recorded," TEX. LOC. GOV'T CODE ANN. § 192.001 (Vernon 1999);

---

[1]*See* Letter from Honorable Joel D. Littlefield, Hunt County Attorney, to Honorable Greg Abbott, Attorney General of Texas (Feb. 13, 2006) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

[2]*See* Letter from Timothy Shamell Newsome to Honorable Linda Brooks, Hunt County Clerk (Jan. 11, 2006) (attached as Exhibit A to Request Letter).

- subdivision plats, *see id.* § 192.0015;

- military discharge records, *see id.* § 192.002(a) (Vernon Supp. 2005);

- certain probate records, *see id.* § 192.005 (Vernon 1999);

- records of the county court in civil and criminal cases and probate matters, *see id.* § 192.006(a); and

- releases of filed instruments, *see id.* § 192.007.

A county clerk has a ministerial duty to record all written instruments that are statutorily authorized, required, or permitted to be filed in the clerk's office. *See Turrentine v. Lasane*, 389 S.W.2d 336, 337 (Tex. Civ. App.—Waco 1965, no writ). But a county clerk is prohibited from filing and recording a document that no statute authorizes, requires, or permits the clerk to accept. *See* Tex. Att'y Gen. Op. No. JC-0156 (1999) at 2; *see also City of Abilene v. Fryar*, 143 S.W.2d 654, 657 (Tex. Civ. App.—Eastland 1940, no writ) (stating that a county clerk had no authority to file or record certain unstamped deeds of trust and therefore could not file or record such documents); Tex. Att'y Gen. Op. No. DM-389 (1996) at 3 (advising county clerks not to file documents generated in or for a "purported state or local court not . . . named in [the] constitution or statute"); Tex. Att'y Gen. LO-98-016, at 6 (concluding that a county clerk is not authorized to accept documents labeled "refusal to pay property taxes," "common law lien," and "declaration of person being a sovereign").

No Texas statute authorizes, requires, or permits the filing and recording of a common-law copyright notice. In addition, no federal law creates a role for the county clerk in the federal copyright registration process. *See* UNITED STATES COPYRIGHT OFFICE, COPYRIGHT BASICS, *at* www.copyright.gov/circs/circ1.html (last visited July 17, 2006).

We consequently conclude that a county clerk is not authorized, required, or permitted to file and record a common-law copyright. Without such authority, a county clerk is prohibited from filing and recording such a document.

## S U M M A R Y

A county clerk may not file and record a common-law copyright.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ELLEN L. WITT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General, Opinion Committee