TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-08-00652-CV






Ready Cable, Inc., Appellant


v.


RJP Southern Comfort Homes, Inc., Appellee






FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 26TH JUDICIAL DISTRICT

NO. 07-730-C26, HONORABLE BILLY RAY STUBBLEFIELD, JUDGE PRESIDING





D I S S E N T I N G O P I N I O N


 

 The majority deems appellant Ready Cable's affidavit claiming a materialman's lien
timely filed on the bald premise that there was "no legitimate basis for the clerk's refusal to file the
lien affidavit" that Ready Cable attempted to file on the last day of its four-month statutory deadline. 
But Ready Cable did not re-present or amend this affidavit or pursue other available remedies at the
time against the county clerk when the county clerk refused to file the affidavit. Ready Cable chose
to submit for filing a separate distinct affidavit after the statutory deadline for filing had expired. 
Because section 53.052 of the property code does not provide for an affidavit claiming lien to be
filed after the applicable time period has expired, I would hold that Ready Cable's lien claim is not
valid and affirm the judgment. See Tex. Prop. Code Ann. § 53.052 (West 2007). I, therefore,
respectfully dissent. 

 This appeal arises out of a lawsuit brought by RJP Southern Comfort Homes, Inc.
("RJP"), an owner and developer of real property in Williamson County, against its contractor,
Jimmy Reyes Concrete Construction, (1) who was hired to install concrete foundations on the property,
and two subcontractors, including Ready Cable who contracted with Reyes to supply post tension
and foundation materials for incorporation into the RJP project. In its amended petition, RJP alleged
that it paid Reyes in full for work performed and materials provided and that Reyes failed to pay the
subcontractors for services and materials provided. In its lawsuit, RJP sought to remove and declare
invalid a "purported lien claim" by Ready Cable on RJP's real property. After RJP filed a summary
motion to remove lien, the district court granted the motion and ordered the affidavit claiming a
lien that Ready Cable had filed removed from the official public records of Williamson County. 
See id. § 53.160 (West 2007). 

 The underlying facts relating to the appeal are not in dispute. On April 18, 2007,
Ready Cable delivered materials to the construction site and submitted a bill to Reyes in the amount
of $2,118.72 for which Reyes failed to remit payment. After Reyes failed to pay the account, Ready
Cable sent a notice of non-payment along with the invoices to RJP. RJP does not dispute that it
received the notice. Subsequently, to secure payment, Ready Cable attempted to file an "Affidavit
Claiming A Lien" with the county clerk of Williamson County. See id. §§ 53.051, .052 (West 2007). 
The affidavit claiming a lien was dated August 15, 2007, described the "property sought to be
charged with the lien" by reference to an attached exhibit and "incorporat[ed] herein for all
purposes" the exhibit. The attached exhibit purports to be the "Field Notes" of the "Condominium
Declaration" setting forth a description of property under construction apparently prepared by a
surveying company identified on the document. The phrase "Unofficial Document" appears across
the face of the document. The county clerk did not file the affidavit for record but returned it to
Ready Cable. In a notice dated August 16, 2007, the county clerk advised Ready Cable that the filing
was being returned for the reason that "We cannot accept an unofficial document as an attachment." (2) 
Ready Cable filed a subsequent affidavit on September 17, 2007, with the county clerk. The
subsequent affidavit contained a legal description of the property in the affidavit and did not
have attachments. 

 RJP sought a summary motion to remove Ready Cable's "purported lien claim" on
the ground that the affidavit claiming a lien was not filed timely. See id. §§ 53.052, .160(b)(2). (3) 
Ready Cable did not file a response, but filed a motion for summary judgment contending that it had
complied with all conditions precedent necessary to enforce its lien against RJP "as evidenced by
this motion and its accompanying affidavits" and that there was no evidence that Ready Cable had
not complied with all conditions precedent. See Tex. R. Civ. P 166a(i). In its affidavit
accompanying its motion for summary judgment, the chief financial officer of Ready Cable averred
that on August 15 Ready Cable "caused to be delivered" the affidavit claiming a lien on RJP's real
property to the county clerk and that the company received the notice from the county clerk rejecting
its affidavit on August 21. The district court held a hearing on the summary motion to remove lien,
and both parties filed briefs with the district court after the hearing. The district court granted the
summary motion, ordering that the affidavit claiming a lien that was filed by Ready Cable on
September 17, 2007, be removed from the official public records of Williamson County. 

 In its sole issue on appeal, Ready Cable contends that it complied with the statutory
requirements of Chapter 53 of the Texas Property Code by sending all necessary notices and timely
delivering its affidavit to the county clerk and that the county clerk wrongfully refused to file the
affidavit. Ready Cable does not dispute that the statutory deadline for filing was August 15, 2007, 
or that the county clerk did not file its August affidavit, but contends that RJP "has produced no
evidence of any prejudice that resulted to it as a result of the delay in filing caused by the clerk's
action" and urges that the clerk's "purported reason for refusal of the filing is not justified." Ready
Cable contends alternatively that the filing was "complete upon delivery of an affidavit to the clerk
with the appropriate fee." 

 It is fundamental that mechanic's and materialman's lien statutes of the State are to
be liberally construed for the purpose of protecting laborers and materialmen. See Hayek v. Western
Steel Co., 478 S.W.2d 786, 795 (Tex. 1972); Mustang Tractor & Equip. Co. v. Hartford Accident
& Indem. Co., 263 S.W.3d 437, 440 (Tex. App.--Austin 2008, pet. denied). Nevertheless, because
a subcontractor is a derivative claimant and, unlike a general contractor, has no constitutional,
common law, or contractual lien on the property of the owner, a subcontractor's lien rights depend
on compliance with the statutes authorizing the lien. First Nat'l Bank v. Sledge, 653 S.W.2d 283,
285 (Tex. 1983); Da-Col Paint Mfg. Co. v. American Indem. Co., 517 S.W.2d 270, 273 (Tex. 1974);
Raymond v. Rahme, 78 S.W.3d 552, 559-60 (Tex. App.--Austin 2002, no pet.). 

 We may not enlarge or alter the plain meaning of statutory language. Wording in
statutes is to be given its literal interpretation when that wording is clearly unambiguous. Goldman
v. Torres, 341 S.W.2d 154, 158 (Tex. 1960); Conn, Sherrod & Co., Inc. v. Tri-Electric Supply Co.,
Inc., 535 S.W.2d 31, 34 (Tex. App.--Tyler 1976, writ ref'd n.r.e.). The legislative policy of liberal
construction and "substantial compliance" do not control in those cases where the legislature has
mandated certain requirements for perfecting a lien claim in clear unequivocal terms. See Conn,
Sherrod & Co., 535 S.W.2d at 34; see also Goldman, 341 S.W.2d at 158. 

 Entitled "Necessary Procedures," section 53.051 requires compliance with subchapter
C "[t]o perfect the lien." Tex. Prop. Code Ann. § 53.051. Section 53.052, the operative provision
here, expressly provides a timetable for the filing of an affidavit to perfect a lien and does not
contain any provision for a lien to be filed or perfected after the statutory deadline has passed. 
See id. § 53.052. 

 Ready Cable's affidavit filed on September 17 was the first and only affidavit actually
filed. Seeking to avoid the filing requirement, Ready Cable argues that the filing was "complete
upon delivery of an affidavit to the clerk with the appropriate fee." But no filing was accomplished
prior to September 17. Neither the majority nor Ready Cable has cited any authority that allows the
filing requirement to be satisfied after the statutory deadline. See Page v. Structural Wood
Components, Inc., 102 S.W.3d 720, 721 (Tex. 2003) (affidavit filed on the thirty-first day not timely
under section 53.103 of the property code, which section provides thirty-day deadline for filing liens
on retained funds); Rahme, 78 S.W.3d at 561 (lien affidavit, filed on April 4, not timely when
deadline for filing was March 15). Because it was undisputed that the September affidavit was not
timely, I would conclude that RJP met its burden under section 53.160 for the removal of the
September affidavit from the official public records of Williamson County. See Tex. Prop. Code
Ann. § 53.160(d). 

 Relying on section 191.007 of the local government code, Ready Cable contends that
it complied with the statutory filing requirements because the filing of its August affidavit was a
ministerial act and the county clerk had no discretion in determining whether to file it. See Tex. Loc.
Gov't Code Ann. § 191.007 (West 2008). The majority agrees with Ready Cable based on its
conclusion that "the county clerk was not authorized to 'impose additional requirements' for filing
or recording a legal paper such as the removal of irrelevant notations" and its fact-finding that Ready
Cable's August affidavit met the requirements of subsections (b) through (g) of section 191.007. 
See id. But subsections (b) through (g) of section 191.007 provide non-substantive "specifications"
for legal papers and are not dispositive here. See id. (4) 

 The county clerk in its notice letter of non-filing referenced statutory provisions that
substantively address a county clerk's duties to file and record documents. Among the provisions,
section 191.001(c) of the local government code provides that a clerk's duty to record
documents is limited to those documents that the clerk "is authorized to record." 
See id. § 191.001(c). Chapter 192 of the local government code addresses types of instruments that
clerks are authorized to record. See id. §§ 192.001-.007 (West 2008). Section 192.001 directs the
county clerk to "record each deed, mortgage, or other instrument that is required or permitted by law
to be recorded." See id. § 192.001. Chapters 11 and 12 of the property code also address public
records and the recording of instruments, including instruments concerning property. See Tex. Prop.
Code Ann. §§ 11.001-.008 (provisions generally applicable to public records), 12.001-.018
(recording of instruments) (West 2004 & Supp. 2008). (5) Concluding that it has "found no authority
for the county clerk's rejection of Ready Cable's filing," the majority ignores these substantive
statutes. (6) Clear on their face, these statutes cabin the authority of the clerk to file any document
proffered to it. And the county clerk--unlike the majority--recognized the limits on its authority.

 But this case becomes clear when we consider that Ready Cable defaulted on the
various remedies available to it at the time it "caused [the affidavit] to be delivered." Ready Cable
did not re-present or amend its August affidavit or seek available relief against the county clerk for
refusing to file the affidavit that Ready Cable had "caused to be delivered" on the last day of its
four-month statutory deadline. Instead, Ready Cable opted to file a separate distinct affidavit in the
middle of September long after the filing deadline had passed. Ready Cable also failed to pursue the
available remedy of mandamus. See City of Abilene v. Fryar, 143 S.W.2d 654, 657 (Tex. Civ.
App.--Eastland 1940, no writ) (remedy for failure of clerk to perform ministerial duty to file and
record instrument is action of mandamus); see, e.g., Walker v. Packer, 827 S.W.2d 833, 839
(Tex. 1992) (writ of mandamus may issue to compel the performance of a ministerial act or duty);
Park v. Archer, 311 S.W.2d 231, 232 (Tex. 1958) (mandamus relief available against clerk of court
for failure to file "tendered transcript and statement of facts"); Op. Tex. Att'y Gen. No. LO-016
(1998) ("If the clerk, through a mistaken understanding of the statute, refuses to file a document that
is statutorily required to be filed, the remedy is an action of mandamus, which enables the court to
construe the recording statute and determine as a matter of law whether it applies to the document
in question."). 

 On this record, I would conclude that the district court did not err in granting
the summary motion in favor of RJP to remove the affidavit claiming a lien that Ready Cable
filed on September 17 from the official public records of Williamson County. See Page,
102 S.W.3d at 721; Conn, Sherrod & Co., 535 S.W.2d at 34. I, therefore, would affirm the judgment
of the district court. 




 __________________________________________


 Jan P. Patterson, Justice

 

Before Justices Patterson, Pemberton and Waldrop


Filed: August 28, 2009

1. Reyes failed to appear or answer, and RJP took a default judgment against Reyes for breach
of contract, violation of the Texas Trust Fund Act, and attorney's fees.
2. The notice that the county clerk sent when it returned the August 15 affidavit to Ready
Cable also referenced local government code chapters 118, 191, 192, and 193 and property code
chapters 11 and 12. See Tex. Loc. Gov't Code Ann. §§ 118.001-.801 (fees charged by county
officers), 191.001-.009 (general records provisions affecting counties), 192.001-.007 (instruments
to be recorded by counties); 193.001-.013 (recording and indexing by counties) (West 2008);
Tex. Prop. Code Ann. §§ 11.001-.008 (provisions generally applicable to public records),
12.001-.018 (recording of instruments) (West 2004 & Supp. 2008). 
3. Section 53.160, titled "Summary Motion to Remove Invalid or Unenforceable Lien,"
provides that, "[i]n a suit brought to foreclose a lien or to declare a claim or lien invalid or
unenforceable, a party objecting to the validity or enforceability of the claim or lien may file a
motion to remove the claim or lien." Tex. Prop. Code Ann. § 53.160(a) (West 2007). At the hearing
of a summary motion to remove lien, the burden is on the claimant to prove that notice of the claim
and affidavit of lien were furnished to the owner and original contractor and on the movant "to
establish that the lien should be removed for any other ground authorized by this section." 
Id. § 53.160(d).
4. For example, section 191.007(b)(1) specifies that "a page must . . . be no wider than
8 ½ inches and no longer than 14 inches." See Tex. Loc. Gov't Code Ann. § 191.007(b)(1)
(West 2008). 
5. See also Op. Tex. Att'y Gen. No. GA-0450 (2006) ("[A] county clerk is prohibited from
filing and recording a document that no statute authorizes, requires, or permits the clerk to accept.");
Op. Tex. Att'y Gen. No. JC-0256 (2000) ("[A] county clerk is required to accept for filing only a
document, 'regular on its face,' that the clerk is 'authorized, required, or permitted' by statute to
file." (citation omitted)); Op. Tex. Att'y Gen. No. LO-016 (1998) (clerk must be able to determine
from "face of the document that it complies with the applicable statute").
6. The majority also relies on subsection (c) of section 53.052 of the property code that
requires a county clerk to "record" the affidavit. See Tex. Prop. Code Ann. § 53.052(c) (West 2007). 
The majority conflates the filing and recording requirements in the statute. Subsection (a) of section
53.052 provides that "the person claiming the lien must file an affidavit with the county clerk" and
subsection (c) provides that, once filed, "the county clerk shall record the affidavit" properly. 
See id. § 53.052(a), (c).