**R. E. TURRENTINE, Jr., Appellant,**

v.

**Lucille LASANE et vir, Appellees.**

No. 4334.

Court of Civil Appeals of Texas.

Waco.

March 18, 1965.

Robert W. Hagen, Houston, for appellant.

Hamblen & Hamblen, Houston, for appellees.

WILSON, Justice.

A decree ordering issuance of writ of mandamus to the County Clerk directing

him to record two affidavits of heirship is appealed from. In our opinion the writ should issue, and we affirm.

The clerk declined to record the affidavits tendered to him with the recording fee. Both instruments were properly sworn to and acknowledged. The first stated that affiant was the only heir of her deceased mother, recited other genealogical facts, and, among other matters, stated that decedent owned specifically described realty and personalty at her death. The second affidavit by another affiant generally confirmed the statements of the first as to family history and heirship.

■ Respondent's position in the trial court and here, is that affidavits of heirship are not authorized by law to be recorded except (a) when embodied in or attached to another instrument which they purport to explain, or (b) when deposited for record under certain Probate Code provisions. He argues that relator's object was to record evidence concerning descent and heirship, the exclusive procedure and jurisdiction for which, he says, is vested in the probate court by Secs. 48–56 and 137 et seq. of the Probate Code. The argument is not urged as affecting equitable rights, but as a reason respondent properly refused to record the documents. Neither relator's motive in seeking to have the instruments recorded, whether her purpose may in fact be effectuated, nor whether it is good practice for title examiners to rely on them, are elements which determine whether they are subject to recordation. The district court is not here attempting to determine or declare heirship, as respondent suggests; the sole subject matter of the action is to require performance of an asserted official duty. The question is whether there is a ministerial duty to record the affidavits.

■ It is the duty of the county clerk to record all deposited written instruments authorized, required or permitted to be re-corded in his office. Arts. 1941, 6591, 6594, 6595, Vernon's Ann.Civ.Stat.

Art. 386 of the Laws of the Republic of Texas, Acts 1839, Oldham & White Digest 750, and its 1836 predecessor only admitted to record deeds, conveyances, mortgages and "other liens affecting the titles to land." In 1846 the First Legislature extended enumeration of the instruments authorized to be recorded to include, as does present Art. 6626, V.A.C.S., "other instruments of writing concerning any lands or tenements, or goods and chattels, or moveable property of any description." II Gammel's Laws 1542.

■ The general policy of Texas registration laws, it has been said, "requires that our public records disclose all matters affecting our land titles." Leonard v. Benford Lumber Co., 110 Tex. 83, 216 S.W. 382, 383. That policy may be looked to in determining legislative intent. Freels v. Walker, 120 Tex. 291, 26 S.W.2d 627, 628.

■ The fact that the two affidavits affect land titles and are at least "instruments of writing concerning" lands leads to our conclusion they are authorized to be recorded by Art. 6626. See Bashara v. Glasscock, (Tex.Civ.App.1927) 289 S.W. 128, 130, writ ref.; Lange, Land Titles, 3 Texas Practice, Sec. 254, p. 400; Sec. 318, pp. 517, 519; 5 Tiffany, Real Property (3rd Ed.) Sec. 1263, p. 15; 6 Powell, Real Property Sec. 914, p. 278; 49 Tex.Jur.2d Sec. 30, p. 353; Texas Probate Code Sec. 52; Art. 3726a, V.A.C.S. We do not imply opinion that the statutory authorization is restricted to affidavits which concern lands.

■ The clerk's ministerial duty to record is properly enforced by mandamus. Hollis v. Parkland Corp., 120 Tex. 531, 40 S.W.2d 53, 56; 55 C.J.S. Mandamus § 173, p. 324; 49 Tex.Jur.2d Sec. 19, p. 342, 343. See Tobin v. Knaggs, Tex.Civ.App., 107 S.W.2d 677, 679, writ ref. Affirmed.