

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL.

May 26, 1966

Honorable James E. Barlow
Criminal District Attorney
Bexar County
San Antonio, Texas

ATTN:   Mr. Vernon T. Sanford, Jr.
        Assistant Criminal District
        Attorney
        County Affairs Section

Opinion No. C-695

RE:   Whether the County
      Clerk has the duty
      to record a deed con-
      veying real property
      located within a sub-
      division in the absence
      of proof that Article
      974a, V.C.S., has been
      complied with and re-
      lated questions.

Dear Mr. Barlow:

    In your recent letter, you requested an Attorney General's
Opinion with reference to problems arising as a result of the
failure of subdividers of land within the corporate limits or
extraterritorial jurisdiction of the City of San Antonio to re-
cord maps or plats of subdivisions or re-subdivisions.

    In that connection, you stated that such subdividers have
been "selling their subdivided lots by means of deeds referring
to an unrecorded plat followed by a metes and bounds description
and sometimes by means of deeds containing only a metes and
bounds description" (without any reference to the unrecorded
plats reflecting subdivided acreage out of which the tracts con-
veyed by such deeds are carved); and you ask if the County Clerk
is required, upon request, to file and record such deeds, when
properly acknowledged, under the provisions of Article 6626,
Vernon's Civil Statutes, or if the County Clerk, prior to filing
such deeds, is burdened with the duty to determine the location
of the land covered by such deeds and, upon determining that
such land is located within the city or extraterritorial juris-
diction thereof, to refuse to file and record such deeds until
the provisions of Article 974a, Vernon's Civil Statutes, if
applicable, are complied with.

    When requested to file and record any deed, including
"deeds referring to an unrecorded plat followed by a metes and
bounds description" or "deeds containing only a metes and bounds
description" (without any reference to the unrecorded plats re-
flecting subdivided acreage out of which the tracts covered by
such deeds are carved), the County Clerk is governed by the pro-
visions of said Article 6626, the pertinent portions of which
are as follows:

-3346-

> "The following instruments of writing which
> shall have been acknowledged or proved according
> to law, are authorized to be recorded, viz: all
> deeds, . . . or other instruments of writing con-
> cerning any lands or tenements, . . . provided,
> however, that in cases of subdivision or re-sub-
> division of real property no map or plat of any
> such subdivision or re-subdivision shall be filed
> or recorded unless and until the same shall have
> been authorized by the Commissioners Court of the
> county in which the real estate is situated by
> order duly entered in the minutes of said Court,
> except in cases of the partition or other subdi-
> vision through a court of record; provided that
> where the real estate is situated within the cor-
> porate limits or within five miles of the corpor-
> ate limits of any incorporated city or town, the
> governing body thereof or the city planning com-
> mission, as the case may be, as provided in Arti-
> cle 974a, Vernon's Texas Civil Statutes, shall
> perform the duties hereinabove imposed upon the
> Commissioners Court."

Said Article 6626 clearly authorizes the recording of all properly acknowledged deeds, including such deeds containing the types of descriptions referred to hereinabove.

In that regard, the following holding reflects the duty placed upon the County Clerk:

> "It is the duty of the county clerk to re-
> cord all deposited written instruments authorized,
> required or permitted to be recorded in his office.
>
> "The clerk's ministerial duty to record is
> properly enforced by mandamus." Turrentine vs.
> Lasane, 389 S.W.2d 336 (Tex.Civ.App., 1965).

Prior to the filing and recording of maps or plats of sub-divisions or re-subdivisions, said Article 6626 requires proper authorization of such maps or plats in the manner therein set forth; however, no prior authorization is therein required as a prerequisite to the filing and recording of any other instru-ments of writing (specifically including deeds) concerning any lands or tenements.

Furthermore, said Article 974a, and Article 427b, Vernon's Penal Code, to which you referred in your aforementioned letter, provide for the imposition of certain duties only in connection with the preparation, filing and recording of plans, maps, plats

or replats of subdivisions or additions and not in any connection whatsoever with deeds.

Finally, Article 1137h, Vernon's Penal Code, which you also mentioned in your letter to this office, makes any party "subdividing or re-subdividing any real estate" guilty of a misdemeanor if such party uses "the subdivision's or re-subdivision's description in any deed of conveyance or contract of sale delivered to a purchaser unless and until the map and plat of such subdivision or re-subdivision shall have been duly authorized (as therein provided) and such map and plat thereof has actually been filed for record with the Clerk of the County Court of the county in which the real estate is situated." Said Article 1137h is applicable, therefore, only to parties subdividing or resubdividing real estate and is not applicable to County Clerks in the performance of their official duties. As to such parties subdividing and resubdividing real estate, it should also be noted that said Article 1137h provides for a fine and/or confinement in the county jail upon conviction of such misdemeanor.

In answer to your request for clarification of Attorney General's Opinion No. V-934 (1949) wherein it is stated that the owner of a subdivision "is not authorized to subdivide his tract unless he complies with the provisions of (said Article) 974a;" and, "if the owner fails to make a map or plat as required, the County Clerk should refuse to record the field notes submitted to his office," it is our opinion that the field notes of a subdivision cannot be recorded in the plat records unless the field notes are accompanied by a duly authorized map or plat of such subdivision for recording, and it is our further opinion that the term "field notes" as used therein does not refer to or mean metes and bounds descriptions contained in deeds of conveyance or contracts of sale.

## SUMMARY

The County Clerk is required by the provisions of Article 6626, V.C.S., to file and record upon request properly acknowledged deeds, notwithstanding a failure of compliance with the provisions of Article 974a, V.C.S., with reference to the recordation of plats (or plans, maps or replats) of

subdivisions or additions, out of
which the tracts of land described
in such deeds are carved.

Very truly yours,

WAGGONER CARR
Attorney General of Texas

By _____
C. Daniel Jones, Jr.
Assistant Attorney General

CDJjr/lre

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Larry Craddock
John Reeves
Pat Bailey
Roger Tyler

APPROVED FOR THE ATTORNEY GENERAL
By:  T. B. Wright