

# THE ATTORNEY GENERAL

## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

*Changed by Amendments to Dec. 1, 93 Family code*

February 16, 1970

Honorable Ward P. Casey
County Attorney
Ellis County Courthouse
Waxahachie, Texas 75165

Opinion No. M- 578

Re: Discretion of county clerk to refuse to perform the duties relating to declarations of informal marriage, as set forth in Section 1.92(c)(d) of the Texas Family Code.

Dear Mr. Casey:

Your recent letter requests our opinion relative to that portion of Section 1.92 of the Texas Family Code, as follows:

"Does the County Clerk have the discretion under Section 1.92, subsections (c) and (d) to refuse to administer the oath to the parties, execute his certificate on the declaration, or record the declaration and deliver the original of the declaration to the parties and transmit a copy to the Bureau of Vital Statistics; where there is no legal impediment to marriage appearing on the face of the form and all of the information required to be given on the form is furnished?"

Section 1.92 of the Texas Family Code (Acts 1969, 61st Leg., R.S., ch. 888, p. 2706), provides, in part, as follows:

"(b) The declaration form shall contain:

". . .

"(6) a certificate of the county clerk that the applicant made the oath and the place and date it was made.

"(c) The county clerk shall:

"(1) determine that all necessary information is entered on the form;

"(2)  administer the oath to each party;

"(3)  have each party sign the declaration in his presence; and

"(4)  execute his certificate on the declaration.

"(d)  The county clerk shall record the declaration, deliver the original of the declaration to the parties, and transmit a copy to the Bureau of Vital Statistics."  (Emphasis added.)

The language of Section 1.92(c)(d), supra, clearly indicates that the duties of the county clerk in administering the oath, executing his certificate, recording the declaration, delivering the original of the declaration to the parties, and transmitting a copy of the declaration to the Bureau of Vital Statistics are mandatory, not discretionary.  In setting forth the above duties, Section 1.92(c)(d) speaks in terms of "shall" not "May."  "Shall" is to be given a mandatory effect.  53 Tex. Jur.2d 30, Statutes, Sec. 16.

Other relevant provisions of the Texas statutes applicable to the general duties of county clerks as recorders of instruments are:  Article 1941[1] which provides as follows:

"They (county clerks) shall be ex-officio recorders for their several counties, and as such shall record in suitable books to be procured for that purpose all deeds, mortgages and other instruments required or permitted by law to be recorded.  . . ."(Emphasis added.)

Article 6591 reads:

"County clerks shall be the recorders for their respective counties; they shall provide and keep in their offices well bound books in which they shall record all instruments of writing authorized or required to be recorded in the county clerk's office in the manner hereinafter provided."  (Emphasis added.)

---

[1] All Articles referenced are to Vernon's Civil Statutes, unless otherwise noted.

Further, Article 6594 provides:

"When any instrument of writing authorized by law to be recorded shall be deposited in the county clerk's office for record, if the same is acknowledged or proved in the manner prescribed by law for record, the clerk shall enter in a book to be provided for that purpose, in alphabetical order, the names of the parties and date and nature thereof, and the time of delivery for record; and shall give to the person depositing the same, if required, a receipt specifying the particulars thereof." (Emphasis added.)

Lastly, Article 6595 provides:

"Each recorder shall, without delay, record every instrument of writing authorized to be recorded by him, which is deposited with him for record, with the acknowledgments, proofs, affi-davits and certificates thereto attached. . . ." (Emphasis added.)

The court in Turrentine v. Lasane, 389 S.W.2d 336 (Tex.Civ.App. 1965, no writ), at page 337, stated that:

"It is the duty of the county clerk to record all deposited written instruments au-thorized, required or permitted to be re-corded in his office." (Emphasis added.)

The duties of a recording officer are ministerial. First Nat. Bank v. McElroy, 112 S.W. 801 (Tex.Civ.App. 1908, no writ). "Ministerial" duties have been described as follows:

"It is said that an official duty is 'minis-terial' when it is absolutely certain and imper-ative, involving merely the execution of a set task, and when the law which imposes it prescribes and defines the time, mode and occasion of its per-formance with such certainty that nothing remains for judgment or discretion. Official action is ministerial when it is the result of performing a certain and specific duty arising from fixed and designated facts. A ministerial act is one which public officials are required to perform upon a given state of facts in a prescribed manner,

> in obedience to the mandate of legal authority and without regard to their own judgment or opinion concerning the propriety or impropriety of the act to be performed." Case v. Daniel C. McGuire, Inc., 147 A.2d 824, 826 (N.J. Super. 1959). (Emphasis added.)

See also, the various definitions of "ministerial act" and "ministerial duty" in Black's Law Dictionary (4th Ed. 1951), page 1148, and in 27 Words and Phrases (Perm.Ed. 1961) pages 374-404.

In view of the foregoing, it is our opinion that, where all of the information required to be given on the form is furnished, neither the county clerk, nor his deputies, have any discretion to refuse to perform the duties set forth in Section 1.92(c)(d), supra.

Accordingly, your question is answered in the negative.

## S U M M A R Y

Neither county clerks, nor their deputies, have discretion to refuse to perform the duties set forth in Section 1.92(c)(d), Texas Family Code, relating to declarations of informal marriage, where all information required to be given on the form is furnished.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Austin C. Bray, Jr.
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Acting Co-Chairman
Malcolm Quick
Jack Sparks
Jim Swearingen
David Longoria

Hon. Ward P. Casey, page 5 (M-578)


MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant