

# The Attorney General of Texas

June 30, 1986

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

4001 Texas, Suite 700
Juston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Timothy D. Yeats
Howard County Attorney
P. O. Box 2096
Big·Spring, Texas    79721

Opinion No. JM-508

Re: Duty of a county clerk to record a deed conveying real property under articles 974a and 6626aa, V.T.C.S.

Dear Mr. Yeats:

You inform us that the county of Howard and the city of Big Spring have recently experienced problems with developers "subdividing" land within the one mile extraterritorial jurisdiction of the city of Big Spring and dedicating streets and alleys to the use of the public without securing approval of the city planning commission and the county. These "subdividers" have been selling "subdivided lots" by means of deeds containing metes and bounds descriptions which refer to streets and alleys which have been dedicated to the public.

In that regard you ask the following questions:

1. Are the _dedicatory certificates and deeds_ referred to above in effect plats which are subject to the requirements of article 974a and 6626aa of the Texas Revised Civil Statutes and/or section 12.002 of the Texas Property Code which would require approval by the city planning commission and the county before they would be authorized to be recorded by the county clerk?

2. Is Attorney General Opinion C-695 (May 26, 1966) still a correct statement of the law?

3. Does section 12.002 of the Texas Property Code as to the five-mile limit supersede article 6626aa to the extent of the inconsistency between said five-mile limit and the one-mile limit which would apply to a city the size of the city of Big Spring (5,000 or more population but under 25,000) as provided in article 6626aa?

4. Would the county clerk be authorized to require the one offering the dedicatory certificate to file an affidavit stating that the land

is not within five miles of the corporate limits of the city of Big Spring as provided in section 7 of article 974a (section 7 was transferred from Texas Penal Code article 427b by authority of section 5 of Acts 1973, 63rd Legislature, page 995, chapter 399, enacting the new Texas Penal Code)?

5. If Attorney General Opinion C-695 is a correct statement of the law, then, is it true that the platting statutes can be completely circumvented by the developers using the procedure described above?

6. Would the subdivider who utilizes the above described procedure be in violation of article 6626c of the Texas Revised Civil Statutes (former article 1137h of the Texas Penal Code which was referred to on page 3 of Attorney General Opinion C-695) by either recording the deeds and dedicatory certificate referred to above or by using the metes and bounds description in the deed and referring to the streets and alleys which were dedicated to the use of the public in the dedicatory certificate?

7. If the county clerk is required to record the deeds and dedicatory certificates notwithstanding a failure to comply with the above referenced platting statutes then what procedures can the city and county utilize to get the subdividers to comply with the platting statutes and the city's subdivision development ordinance?

This office has recently issued an opinion discussing the relationship among articles 974a and 6626aa, V.T.C.S., and section 12.002 of the Property Code. See Attorney General Opinion JM-365 (1985). In Attorney General Opinion JM-365 (1985) the attorney general concluded that within the city of Palestine's one-mile extraterritorial jurisdiction, as determined by article 970a, V.T.C.S., a subdivision plat shall not be filed without complying with both articles 974a and 6626aa rather than section 12.002 of the Property Code. Thus, the subdivision plat must have prior approval by both the city of Palestine and the county of Anderson before it may be filed by the county clerk. Attorney General Opinion JM-365 (1985). It should also be noted that both article 6626aa, V.T.C.S., and section 12.002 of the Property Code require compliance with article 974a, V.T.C.S.

Article 6626aa, V.T.C.S., requires that within a city's extraterritorial jurisdiction as determined by article 970a, V.T.C.S., "no plat shall be filed with the county clerk without the authorization of both the city and the county." The city's authorization is found in article 974a, V.T.C.S., and the county's authorization is found in sections 2.401 or 2.402 of article 6702-1, the Road and Bridge Act. These provisions require that every owner of a tract of land situated within the extraterritorial jurisdiction who divide the same into two or more parts "shall cause a plat to be made." V.T.C.S. art. 974a, §1; V.T.C.S. art. 6702-1, §§2.401(b), 2.402(b).

We now decide whether the dedicatory certificates and deeds referred to above are in effect maps or plats which are subject to the requirements of article 974a and 6626aa, V.T.C.S. You have submitted a copy of a dedicatory certificate for our review. This document is not a map or plat. Cf. Attorney General Opinions C-695 (1966) (deeds are not maps or plats); V-934 (1949) (field notes do not constitute map or plat). A plat has been defined as a

> map of a town, section, or subdivision showing the location and boundaries of individual parcels of land subdivided into lots, with streets, alleys, easements, etc., usually drawn to scale.

See Blacks Law Dictionary (5th Ed. 1979). The dedicatory certificate submitted is accompanied with "field notes" of a survey of the subdivision giving a description of the property dedicated to the public. Thus, the clerk is required to file the instrument in compliance with section 11.004 of the Property Code. It has been held that this duty is ministerial and may properly be enforced by mandamus. See Turrentime v. Lasane, 389 S.W.2d 336 (Tex. Civ. App. - Waco 1965, no writ). We also believe that the clerk has the same duty in regard to the deeds you described in your request.

In answer to your second question concerning the current validity of Attorney General Opinion C-695 (1965), we conclude that although article 6626, V.T.C.S., has been repealed and superseded by chapter 12 of the Property Code, the opinion remains a correct statement of the law in regard to the clerk's duty to record instruments. See V.T.C.S. art. 6626b, repealed by Acts 1983, 68th leg., ch. 576, at 3729, eff. Jan. 1, 1984. See also Property Code §12.001 (instrument must be recorded if duly acknowledged or proved according to law); Property Code §12.002 (recording of subdivision maps and plats). The attorney general held that the county clerk was required to file and record upon request properly acknowledged deeds; notwithstanding, the subdivider did not file a map or plat also required by article 974a, V.T.C.S. Attorney General Opinion C-695 (1966).

In regard to your third question, you indicate that the city of Big Spring has a population of 5,000 or more but under 25,000. Thus,

the city has a one-mile extraterritorial jurisdiction limit as defined by section 3 of article 970a, of the Municipal Annexation Act. <u>See</u> V.T.C.S. art. 970a, §3. You ask whether section 12.002 of the Property Code supersedes article 6626aa to the extent there is an inconsistency between the five-mile limit prescribed by section 12.002 and the one-mile limit prescribed in article 6626aa. This office has previously ruled that it does not. <u>See</u> Attorney General Opinion JM-365 (1985). In Attorney General Opinion JM-365 the attorney general held that article 6626aa, V.T.C.S., "impliedly repealed the provisions of section 12.002 of the Property Code to the extent that it conflicted with [article 6626aa]. . . ." <u>Id.</u> at 3. Consequently, in this one-mile area under the city's extraterritorial jurisdiction, "no plat may be filed with the county clerk without the authorization of both the city and the county." V.T.C.S. art. 6626aa.

In regard to your fourth question, we conclude that the county clerk would not be authorized to require a person offering a dedicatory certificate to file an affidavit stating that the land is not within five miles of the corporate limits of the city of Big Springs as provided in section 7 of article 974a, V.T.C.S. Section 7 provides in part:

> When any <u>such, map, plat, or replat</u> is tendered for filing in the office of the County Clerk of any county in which any city of the above class may be situated, it shall be the duty of such Clerk to ascertain that the proposed <u>plan, plat or replat</u> is or is not subject to the provisions of this Act, and if it is subject to its provisions, then to examine said map, plat or replat to ascertain whether the endorsements required by this Act appear thereon. . . . When same does not disclose whether the land covered by said <u>map, plat or replat, or any part thereof</u>, is or <u>is not within five miles of the corporate limits of a city of</u> the class above mentioned, <u>the County Clerk may require one offering said map, plat, or replat for registration to file with him an affidavit setting forth such information.</u> . . . (Emphasis added).

V.T.C.S. art. 974a, §7. It is clear that section 7 is only applicable to map, plats, or plans filed with the county clerk and the provision is not applicable to the dedicatory certificates you describe in your request letter.

Since we have concluded above that Attorney General Opinion C-695 (1965) is a correct statement of the law in regard to a clerk's duty to file deeds, you next ask whether the platting statutes can be circumvented by developers using the procedure described above. The legislature has defined the duty of the county clerk in recording

instruments filed in his office.  Property Code §11.004 (duty of recorder).  If any person, including a developer, files any instrument, whether a deed or dedicatory certificate, which is authorized or required to be recorded in that clerk's office that is "proved or acknowledged according to law," it is the duty of the clerk to record it.  Property Code §11.004(a)(1).  If the clerk does not, the legislature has also determined that the sureties on his bond shall be liable for damages.  Prop. Code §11.004(b).  On the other hand, the legislature has determined that, if the owner of a tract of land who divides the same in two or more parts

> for the purpose of laying out any subdivision of any tract of land or any addition to any town or city, or for laying out suburban lots or building lots, or any lots, and streets, alleys or parks or other portions intended for public use, or the use of purchasers or owners of lots fronting thereon or adjacent thereto, [then he] shall cause a plat to be made thereof. . . .  (Emphasis added).

V.T.C.S. art. 974a, §1.  Whether the developers filed the deeds and dedicatory certificates for one of the above purposes is a question of fact this office is not authorized to answer.  Accordingly, we can only conclude that the county clerk is required to perform his duties in compliance with the legislative mandate, regardless of the purpose of the one who files.  The developers you describe have not attempted to file a map or plat of a subdivision.  See V.T.C.S. art. 974a, §1; V.T.C.S. art. 6702-1, §§2.401(b), 2.402(b).

Your sixth question involves the application of article 6626c, V.T.C.S.  The provision provides:

> Section 1.  No party shall file for record or have recorded in the official records in the County Clerk's office any map or plat of a subdivision or resubdivision of real estate without first securing approval therefor as may be provided by law, and no party so subdividing or resubdividing any real estate shall use the subdivision's or resubdivision's description in any deed of conveyance or contract of sale delivered to a purchaser unless and until the map and plat of such subdivision or resubdivision shall have been duly authorized as aforesaid and such map and plat thereof has actually been filed for record with the Clerk of the County Court of the county in which the real estate is situated.

> Sec. 2.  Any party violating any provision of Section 1 of this Act shall be guilty of a

> misdemeanor and upon conviction thereof shall be
> fined in a sum not less than Ten Dollars ($10.00)
> nor more than Five Hundred Dollars ($500.00), or
> confined in the county jail not exceeding ninety
> (90) days, or both such fine and imprisonment, and
> each act of violation shall constitute a separate
> offense, and in addition to the above penalties,
> any violation of the provisions of Section 1 of
> this Act shall constitute prima facie evidence of
> an attempt to defraud.  (Emphasis added).

This article was transferred from article 1137h of Vernon's Penal Code by authority of section 5 of Acts 1973, 63rd Leg., ch. 399, at 995, enacting the new Penal Code.  A person may be prosecuted under article 6626c, V.T.C.S., in two separate circumstances.  First, for the act of recording, and secondly, for the act of selling property making a reference to an unrecorded map or plat.  In Attorney General Opinion M-390 (1969), this office held that the second circumstance

> makes a misdemeanor offense of a conveyance by a
> subdivider where the property description depends
> for its location upon reference to a subdivision
> plat which has not been duly authorized as
> provided by law and/or has not been filed for
> record.  Use of the subdivision description is not
> cured by additional metes and bounds descriptions,
> which in themselves must rely upon the unrecorded
> plat for location of the property on the ground.
> (Emphasis added).

See Attorney General Opinion M-390 (1969) at 6; see also Attorney General Opinions C-695 (1966); WW-1438 (1962).

You ask whether a subdivider who utilized the procedure described above, by recording the deed and dedicatory certificates without securing approval of the city and county, is not in compliance with articles 974a and 6626aa, V.T.C.S., and is also in violation of article 6626c.  You also ask whether a subdivider who has dedicated streets and alleys for the public in a dedicatory certificate and has recorded this dedicatory certificate in the county clerk's office and subsequently sells lots using the metes and bounds description violates article 6626c.  The dedicatory certificate you submitted to this office referred to field notes of a survey to describe the land dedicated to the public.  From our review, the dedicatory certificate metes and bound description does not refer to an unrecorded map or plat.  Thus, a developer who refers to the metes and bound description in this particular dedicatory certificate in a deed conveying a lot to a purchaser would not violate article 6626c.  See Attorney General Opinion M-390 (1969).

Finally, you ask what procedure can the city and county utilize to force the subdividers to comply with the platting statutes and the city's subdivision development ordinance. You have not supplied us with a copy of the city's subdivision development ordinance. However, any developer who subdivides land for the purpose of laying out a subdivision is required to make a plat. See, e.g., V.T.C.S. art. 974a, §1; art. 6702-1, §2.401(b). An instrument which contains only metes and bounds descriptions is not a plat. See Major Investments Inc. v. De Castillo, 673 S.W.2d at 276, 281 (Tex. Ct. App. - Corpus Christi 1984, writ ref'd n.r.e.).

In Major Investments, supra, a court of civil appeals held that article 6626c prohibits the delivery of a deed or contract of sale that depends on an unrecorded plat for a description of the real property involved and that it does not prohibit delivery of a document that uses metes and bounds rather than an unrecorded plat to describe the property involved. Although Major Investments, supra, is a narrow interpretation of article 6626c, it may also be interpreted to prohibit delivery of a deed that contains any kind of description of an illegal subdivision. There are several penalties which may be utilized if a subdivider fails to prepare and file a plat. See, e.g., V.T.C.S. art. 6702-1, §2.401(A), (B) (damages, injunctions, criminal sanctions). Accordingly, a city is not powerless in preventing illegal subdivisions.

## S U M M A R Y

A county clerk must record a properly acknowledged deed even if the deed subdivides land which the subdivider has failed to bring into compliance with applicable statutes governing subdivision of land; however, a city may require a subdivider to prepare and file a plat in compliance with article 6702-1, section 2.401.

Very truly yours,

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tony Guillory
Assistant Attorney General