Leonard PEARSON, Appellant,

v.

Don WICKER, Appellee.

No. 3-87-024-CV.

Court of Appeals of Texas,
Austin.

Feb. 17, 1988.

Richard C. Frasco, Plano, for appellant.

Jim Duvall, Duvall & Murphree, San Marcos, for appellee.

Before SHANNON, C.J., and GAMMAGE and CARROLL, JJ.

**323**

GAMMAGE, Justice.

Don Wicker sued Leonard Pearson to clear title to real property. Pearson now appeals from the judgment of the district court voiding a deed held by Pearson. We will affirm the judgment.

Don Wicker and builder Phil Efantis entered into a joint venture agreement on March 1, 1985. The purpose of the agreement was to build houses for sale on two lots, one of which is the lot involved in this suit. The joint venture agreement describes the lots with the specificity of a deed; states that the lots shall be owned by the joint venture; and states the property cannot be sold without the consent of both venturers. On the day the agreement was signed, Efantis took title to the property in his name alone and properly filed the deed.

Relations between Wicker and Efantis apparently became strained. To protect his interest in the property Wicker filed the joint venture agreement in the real property records of Hays County on July 2, 1985. Efantis conveyed part of the property to Pearson on October 1, 1985. Wicker sued Pearson to clear title to that part of the property and the district court voided Pearson's deed.

In three points of error Pearson essentially contends recording the joint venture agreement did not put him on notice of the joint venture's interest in the property. We disagree.

If the joint venture agreement is authorized to be recorded and was in fact properly recorded, Pearson had constructive notice of its terms at the time he purchased the property. Tex.Prop.Code Ann. § 13.002 (1984); *Gordon–Sewall & Co., Inc. v. Walker*, 258 S.W. 233, 237 (Tex.Civ. App.1924, writ dism'd). Because there is no contention the agreement was improperly recorded, we need only determine if the agreement was authorized to be recorded.

Property Code § 12.001(a) authorizes the recordation of "an instrument concerning real ... property" if the instrument is acknowledged. Tex.Prop.Code Ann. § 12.001(a)(1984). The joint venture agreement is acknowledged and we conclude it is an instrument concerning real property.

*See Turrentine v. Lasane,* 389 S.W.2d 336, 337 (Tex.Civ.App.1965, no writ) (where predecessor statute of § 12.001(a) is construed to authorize recordation of affidavits of heirship in light of policy that public records disclose all matters affecting land titles).

We conclude Pearson had constructive notice of the terms of the joint venture agreement at the time he purchased the property. The joint venture agreement states that neither venturer may sell the property without the other's consent. Since Wicker did not consent to the sale to Pearson, Pearson's deed is void.

The judgment of the district court is affirmed.