

# KEN PAXTON
ATTORNEY GENERAL OF TEXAS

September 12, 2017

The Honorable Joseph D. Brown
Grayson County Criminal District Attorney
200 South Crockett, Suite 116A
Sherman, Texas 75090

Opinion No. KP-0165

Re: Whether affidavits regarding ownership of real property by adverse possession may be recorded with the county clerk pursuant to section 12.001(a) of the Property Code (RQ-0155-KP)

Dear Mr. Brown:

A county clerk must accept a document for filing when a statute authorizes the recording of the instrument. *See* TEX. LOC. GOV'T CODE § 192.001 ("The county clerk shall record each . . . instrument that is required or permitted by law to be recorded."). You inform us the county clerks' offices disagree about "whether affidavits that purport to set forth facts that may establish ownership of real property by adverse possession and that contain a proper jurat must be filed."[1] Specifically, you tell us:

> The Grayson County Clerk recently learned at a seminar for Texas county clerks that such documents should not be filed because they have been misused in the past by some people to obtain title to vacant homes. However, further investigation into this issue by the Grayson County Clerk indicated that there was not a uniform consensus among Texas county clerk's offices to reject the filing of such affidavits.

Request Letter at 1. You contend the county clerks have no authority to accept these documents for filing and seek our opinion. *Id.* at 2–3.

Property Code section 12.001(a) provides:

> An instrument concerning real or personal property may be recorded if it has been acknowledged, sworn to with a proper jurat, or proved according to law.

---

[1]Letter from Honorable Joseph D. Brown, Grayson Cty. Crim. Dist. Att'y, to the Op. Comm., Office of the Tex. Att'y Gen. at 2 (Mar. 16, 2017), https://www.texasattorneygeneral.gov/opinion/requests-for-opinion-rqs ("Request Letter").

TEX. PROP. CODE § 12.001(a). In the absence of a statutory definition, this office in a previous opinion defined "instrument" for purposes of section 12.001(a) as "'a formal or legal document in writing.'" *See* Tex. Att'y Gen. Op. No. JM-1277 (1990) at 4 (quoting BLACK'S LAW DICTIONARY 719 (5th ed. 1979); *see also Ramos v. State*, 303 S.W.3d 302, 307 (Tex. Crim. App. 2009) (construing common meaning of "instrument" as "a formal legal document whereby a right is created or confirmed, or a fact recorded; a formal writing of any kind . . . drawn up and executed in technical form, so as to be of legal validity" (quotation marks omitted)). For purposes of your question, an affidavit therefore may be recorded if it: (1) is acknowledged or sworn to with a proper jurat[2] or otherwise proved according to law;[3] and (2) concerns real or personal property. *See* TEX. PROP. CODE § 12.001(a).

You question whether an affidavit of adverse possession "concerns" the real property at issue. Request Letter at 2–3; *see* TEX. PROP. CODE § 12.001(a) (permitting the recording of instruments "concerning" real property). While the statute does not define the term "concerning," courts have construed the term in light of the general public policy of Texas registration laws to require "that our public records disclose all matters affecting our land titles." *See Turrentine v. Lasane*, 389 S.W.2d 336, 337 (Tex. Civ. App—Waco 1965, no writ) (quoting *Leonard v. Benford Lumber Co.*, 216 S.W. 382, 383 (Tex. 1919)); *see also Pearson v. Wicker*, 746 S.W.2d 322, 322 (Tex. App—Austin 1988, no writ). Thus, courts have held that an instrument concerns real property if it discloses a matter affecting title to land. *See Turrentine*, 389 S.W.2d at 337 (holding affidavits of heirship affected land titles and therefore were instruments "concerning" land under statutory predecessor to Property Code section 12.001(a)); *Pearson*, 746 S.W.2d at 322 (holding joint venture agreement stating that parties owned real estate lots jointly was an instrument "concerning" real property under Property Code section 12.001(a)).

To adversely possess property, an individual must meet the requisite statutory requirements for the claim—including actual and visible possession of the disputed property that is adverse and hostile to the claim of the owner—for a specified time period. *See generally* TEX. CIV. PRAC. & REM. CODE §§ 16.021–.038 (listing statutory requirements for establishing adverse possession under 3, 5, 10, and 25-year limitations periods); *see also Wells v. Johnson*, 443 S.W.3d 479, 489 (Tex. App.—Amarillo 2014, pet. denied) (listing essential elements common to all adverse possession claims). Thus, the mere filing of an affidavit asserting adverse possession rights does not create an interest in real property. *See* TEX. CIV. PRAC. & REM. CODE §§ 16.021–.038. The filing of an affidavit of adverse possession does, however, provide notice of the existence of the document. *See* TEX. PROP. CODE § 13.002(1) ("An instrument that is properly recorded in the proper county is . . . notice to all persons of the existence of the instrument.").

---

[2]"A jurat is a certificate added to an affidavit stating when, before whom, and where it was made, while an acknowledgement is a declaration of a fact to give it legal validity." Tex. Att'y Gen. Op. No. JM-883 (1988) at 1.

[3]Section 132.001(a) of the Civil Practice and Remedies Code provides that in certain instances "an unsworn declaration may be used in lieu of a written sworn declaration, verification, certification, oath, or affidavit required by statute." TEX. CIV. PRAC. & REM. CODE § 132.001(a). Subsections (c)–(f) establish the procedures for executing an unsworn declaration. *Id.* § 132.001(c)–(f). However, that section "does not apply to . . . an instrument concerning real or personal property required to be filed with a county clerk." *Id.* § 132.001(b).

You tell us the affidavits at issue contain proper jurats and purport to set forth facts that, if true, may establish an ownership interest in real property through adverse possession. Request Letter at 2. While these instruments alone cannot create property rights, they do concern the property at issue by disclosing and providing notice of matters affecting title. *See* TEX. PROP. CODE § 13.002(1), TEX. CIV. PRAC. & REM. CODE §§ 16.021–.038; *see also Turrentine*, 389 S.W.2d at 337; *Pearson*, 746 S.W.2d at 322. As section 12.001(a) permits the recording of an instrument that concerns real property and has been sworn to with a proper jurat or otherwise proved according to law, a county clerk has a duty to accept such documents for filing. *See* TEX. PROP. CODE § 12.001(a); TEX. LOC. GOV'T CODE § 192.001.[4]

You inform us that some county clerks refuse to accept these affidavits due to "several highly-publicized incidents involving squatters obtaining title to vacant homes." Request Letter at 2. The mere filing of an affidavit asserting an adverse interest in another's property does not vest the filer with legal title. *See* TEX. CIV. PRAC. & REM. CODE §§ 16.021–.038. Moreover, a county clerk may not impose filing requirements beyond those set forth in section 12.001. *See* Tex. Att'y Gen. Op. No. JM-904 (1998) at 4 ("If the instrument meets the requirements for recording set forth in section 12.001[,] the clerk is required to record the document."); *see also Turrentine*, 389 S.W.2d at 337 ("Neither [the filer's] motive in seeking to have the instruments recorded, whether her purpose may in fact be effectuated, nor whether it is good practice for title examiners to rely on them, are elements which determine whether they are subject to recordation."). If a county clerk has a reasonable basis to believe in good faith that a document or instrument asserting a claim or interest in real property offered for filing and recording is fraudulent, the clerk shall provide written notice of the filing to the last known address of any person named as owning an interest in the real property. *See* TEX. GOV'T CODE § 51.901(a)(2). Intentionally or knowingly filing a fraudulent instrument with the clerk is a crime prosecutable by a local prosecutor. *See id.* § 51.904.

---

[4]Notably, the Eighty-fifth Legislature passed a statute permitting a cotenant heir of real property to acquire the interests of other cotenant heirs by adverse possession if certain requirements are met, including filing "in the deed records of the county in which the real property is located an affidavit of heirship . . . and an affidavit of adverse possession." *See* Tex. S.B. 1249, 85th Leg., R.S. (2017) (to be codified at TEX. CIV. PRAC. & REM. CODE § 16.0265(c)(1)). This new statute provides express authorization for cotenant heirs to file such affidavits and suggests the Legislature understood affidavits of adverse possession to be instruments concerning real property.

## S U M M A R Y

Local Government Code section 192.001 requires a county clerk to record an instrument that is required or permitted by law to be recorded. Thus, a county clerk may not refuse to accept for filing an instrument concerning real property, including an affidavit of adverse possession, if the affidavit meets the recording requirements of Property Code section 12.001(a). Fraudulent affidavits are criminal, and county clerks have a duty to notify property owners when a fraudulent affidavit is filed.

Very truly yours,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

ASHLEY FRANKLIN
Assistant Attorney General, Opinion Committee